IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| ROBERT D. MARTINEZ, JR. | § |
| Plaintiff, | § |
| | § |
| | § |
| | § |
| vs. | § |
| | § |
| | § |
| | § |
| EQUAL EMPLOYMENT | § |
| OPPORTUNITY COMMISSION | § |
| Defendant. | § |

**S A 0 4 C A 0 3 9 1**

CIVIL ACTION NO. _____ **XR**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF ROBERT D. MARTINEZ, JR., by and through his undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, files this, his Original Complaint, against EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. For cause of action, Plaintiff would show unto the Court the following:

## I.
## THE PARTIES

1.      Plaintiff is a Mexican-American male citizen of the United States and a Texas resident living at 326 Fair Avenue, San Antonio, Texas 78233.

2.      Defendant is an arm of the federal government and can be served with summons upon its registered agent for service of summons Pedro Esquivel, 5410 Fredericksburg Road, San Antonio, Texas 78226; Carie M. Dominguez, 1801 L Street, Northwest, Washington, D.C. 20507; Johnny K. Sutton Esq., U.S. Attorney, c/o Vernell Everett, U.S. Attorney's Office, 601

Northwest Loop 410, Suite 600, San Antonio, Texas 78216; John Ashcroft, Esq., U.S. Attorney

General, U.S. Department of Justice, 950 Pennsylvania Avenue, Northwest, Washington, D.C.

20530-001.

      3.     Defendant, at all relevant times, is an arm of the federal government and

custodian of public information as that term is defined by 5 U.S.C. § 551, *et. seq.* (hereinafter the

"Freedom of Information Act" or "FOIA").

## II.
## JURISDICTION

      4.     Plaintiff, on or about December 10, 2003 and invoking his rights under FOIA,

propounded a written request for public information to the United States Equal Employment

Opportunity Commission (hereinafter "EEOC") in Charge number 360-2003-04259.  A copy of

the written request for public information is annexed to Plaintiff's Original Complaint as Exhibit

"P-1," and incorporated by reference as if fully set forth herein.  In particular, Plaintiff sought the

Equal Employment Opportunity Commission's "entire investigative file compiled during the

Commission's investigation into Charging Party's Notice of Charge of Discrimination."

      5.     Plaintiff, on or about January 29, 2004, received a written response from the

EEOC producing the majority of the 465 pages of public information that Plaintiff sought, but

withholding 15 pages of public information based upon FOIA exemptions.  A copy of the

EEOC's written response is annexed to Plaintiff's Original Complaint as Exhibit "P-2," and

incorporated by reference as if fully set forth herein.  Specifically, the EEOC withheld fifteen-

pages of documents based upon the "informer's privilege."

      6.     Plaintiff, on or about February 2, 2004, propounded his written appeal upon the

Office of Legal Counsel.  A copy of the written appeal for public information is annexed to

Plaintiff's Original Complaint as Exhibit "P-3," and incorporated by reference as if fully set forth

herein.  In his appeal, Plaintiff specifically sought disclosure of the one-page document withheld by EEOC based upon the "informer's privilege."

7.      On or about March 16, 2004, 2004, the EEOC's Office of Legal Counsel affirmed the Regional Office's decision to suppress disclosure of the fifteen-page documents, but discloses two pages of envelopes.  A copy of the EEOC Office of Legal Counsel's written denial of Plaintiff's appeal is annexed to Plaintiff's Original Complaint as Exhibit "P-4," and incorporated by reference as if fully set forth herein.

8.      Upon receipt of the EEOC Office of Legal Counsel's written denial of Plaintiff's appeal, Plaintiff exhausted all administrative remedies and fully complied with all conditions precedent to seeking judicial review.

9.      Plaintiff asserts a claim against Defendant for violations of the Freedom of Information Act, thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331.

### III.
### VENUE

10.      Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

### IV.
### STATEMENT OF FACTS

11.      By and through his Original Complaint, Plaintiff incorporates by reference paragraphs 4 through 9 as if fully set forth herein.  Plaintiff pleads that Defendant failed to comply with the letter and spirit of FOIA by refusing to disclose public information.  The

recitation of facts set forth in paragraph 4 through 9 sets forth the basis of Plaintiff challenge to the EEOC Office of Legal Counsel's conclusion.

12.     In connection with his request for public information, Plaintiff filed suit against the respondent named in his Charge of Discrimination, Bohl's Bearing Equipment Company and Bohl's Bearing Service Company, for civil rights violations, wage and hour violations and workplace discrimination.  Plaintiff filed suit in the San Antonio Division of the Western District of Texas in a civil action styled <u>Martinez v. Bohl's Bearing Equipment Company and Bohl's Bearing Service Company</u>, Civil Action No. SA-04-CA-0120-XR.

13.     Plaintiff is informed and believes, and upon such information and belief, alleges that other employees have furnished information relevant to his claims of workplace discrimination.  The strong public policy of open discovery and protection of civil rights is undermined by the presence of secret witnesses.

14.     The information Plaintiff seeks is relevant to his claims of workplace discrimination, since it was obtained in the course and scope of the EEOC's investigation.  The information may also impact the legal rights of other Bohl's workers.

## V.
## - COUNT ONE -
## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

15.     By and through his Original Complaint, Plaintiff incorporates by reference paragraphs 4 through 14 as if fully set forth herein.  Plaintiff pleads that Defendant failed to comply with the letter and spirit of FOIA by refusing to disclose otherwise public information. Plaintiff submits that the fifteen-page documents wholly contain public information and should be disclosed to Plaintiff in its entirety.

16.     By and through his Original Complaint, and pleading in the alternative should same be necessary, Plaintiff submits that the fifteen-pages partially contain public information and should be released in part.

17.     Plaintiff submits that the Court exercise its inherent equitable power to conduct an *in camera* inspection of the document in controversy.

## VI.
### - COUNT TWO -
### WRIT OF MANDAMUS AND OTHER DAMAGES

18.     By and through his Original Complaint, Plaintiff incorporates by reference paragraphs 4 through 14 as if fully set forth herein.  Plaintiff pleads that Defendant has wrongfully withheld public information in violation of the Freedom of Information Act and that he is entitled to legal and equitable relief arising from damages he has incurred.

19.     Plaintiff pleads that the Court issue a Writ of Mandamus ordering the EEOC to perform an act required by law when it has neglected or refused to do so including, but not limited to, disclosure of the documents withheld by the EEOC.

20.     Plaintiff was forced to secure the undersigned counsel to protect his civil rights and right of access to public information and, therefore, requests an award of attorney's fees and taxable costs of court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF ROBERT D. MARTINEZ, JR., prays that, upon final trial on the merits, he recover judgment against DEFENDANT EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, said judgment entitling Plaintiff to:

a.      Full disclosure of public information, including full disclosure of the one page document

        withheld by the EEOC;

b.    In the alternative, partial disclosure of public information withheld by the EEOC;

c.    Writ of Mandamus issued against the EEOC ordering it to disclose public information, including the documents withheld by the EEOC;

d.    Reasonable and necessary attorney's fees; and

e.    Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY

Respectfully submitted,

GALE, WILSON & SÁNCHEZ, P.L.L.C.
MARK ANTHONY SÁNCHEZ, ESQ.
115 East Travis Street, Suite 618
San Antonio, Texas 78205
(210) 222-8899
(210) 222-9256 (Telecopier)
ATTORNEYS FOR PLAINTIFFS

By: _____
MARK ANTHONY SÁNCHEZ, ESQ.
TEXAS STATE BAR NO. 00795857

By: _____
CHRISTOPHER J. GALE, ESQ.
TEXAS STATE BAR NO. 00793766

# GALE, WILSON & SÁNCHEZ

A Professional Limited Liability Company

ATTORNEYS AT LAW

December 10, 2003

United States Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Re:   Robert D. Martinez, v. Bohls Equipment Co.
      Charge No. 360-2003-04259
      G, W, & S File No. 2910
      **Request for Information Pursuant
      to Freedom of Information Act**

Dear Sir or Madam:

Please be advised that I represent the above-referenced Charging Party and Plaintiff. I request that you direct all future communications and correspondence regarding this matter to my attention.

Pursuant to the Freedom of Information Act, I respectfully request that you forward the Equal Employment Opportunity Commission's (hereinafter "Commission") entire investigative file compiled during the Commission's investigation into the Charging Party's Notice of Charge of Discrimination.

In connection with my request, my firm will pay for reasonable and necessary costs incurred by the Commission in the compilation and duplication of the file. If you have any questions regarding my request, please do not hesitate to contact me. With kindest regards, I remain

Very Truly Yours,

MARK ANTHONY SÁNCHEZ, ESQ.

MAS/le

cc:   Mr. Robert D. Martinez
      326 Fair Avenue
      San Antonio, Texas 78223

**EXHIBIT**

P-1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio District Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

Mark A. Sanchez
Gale Wilson & Sanchez
115 E. Travis
Suite 618
San Antonio, Texas 78205

RE:  Freedom of Information Act (FOIA) Request
     Robert D Martinez vs. BOHLS BEARING SERVICE
     Charge No. 360-2003-04259
     Request No. A4-03-FOIA-191-SA

Dear Mr. Sanchez:

[X] You are the Charging Party/Charging Party's Representative.
   [✓]  The EEOC completed its processing of the above cited
   investigative file on _/2-5-03_____.
   [ ]  The Charging Party has filed a lawsuit.

[ ] You are the Respondent/Respondent's Representative.
   [ ]  The EEOC completed its processing of the above cited
   investigative file on _____.
   [ ]  The Charging Party has filed a lawsuit.

[ ] You are neither Charging Party/Charging Party's Representative,
   nor are you Respondent/Respondent's Representative.

[ ] Your request was sent improperly to this office and has been
   forwarded to the Regional Attorney for the _____
   District Office of the EEOC for response.  Your request will not
   be deemed received by the Commission until received by the
   appropriate Regional Attorney.  29 C.F.R. Section 1610.7(d).

[ ] Your request is neither granted nor denied because:  [ ] your
   request does not reasonably describe the records you wish
   disclosed or [ ] no records fitting the description of the
   records you seek disclosed could be located after a thorough
   search or [ ] the records were destroyed in the normal course of
   business on _____.

[ ] Processing of the request cannot proceed unless we receive a
   copy of the court complaint for our review.  Please make sure
   the copy clearly reflects the cause number of the case and the
   date it was filed with the court.

[ ] Your request is granted.

**EXHIBIT**
P-2
ALL-STATE LEGAL®

[  ] Your request is denied pursuant to the subsection(s) of the Freedom of Information Act (FOIA), 5 U.S.C. Section 552(b), indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

| | |
|---|---|
| [ ]  (2) | [ ]  (5) |
| [ ]  (3) | [ ]  (6) |
|    [ ]  Sections 706(b) and 709(e) of Title VII | [ ]  (7)(A) |
|    [ ]  Section 709(e) of Title VII | [ ]  (7)(C) |
|    [ ]  5 USCA Sec. 574(j) | [ ]  (7)(D) |
| [ ]  (4) | [ ]  (7)(F) |

[X] Your request is granted in part and denied in part.  Portions not released are being withheld pursuant to the subsection(s) of the FOIA indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

| | |
|---|---|
| [ ]  (2) | [X]  (5) |
| [ ]  (3) | [ ]  (6) |
|    [ ]  Sections 706(b) and 709(e) of Title VII | [ ]  (7)(A) |
|    [ ]  Section 709(e) of Title VII | [ ]  (7)(C) |
|    [ ]  5 USCA Sec. 574(j) | [ ]  (7)(D) |
| [ ]  (4) | [ ]  (7)(F) |

[X] You may appeal the denial or partial denial of your request by writing within thirty (30) days of receipt of this letter to Assistant Legal Counsel/FOIA Programs, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, D.C.  20507.  You must include a copy of the Regional Attorney's determination with your appeal.  Your appeal will be governed by 29 C.F.R. § 1610.11.

We estimate the requested file to be _23/8_ inch(es) of documents.  We further estimate this file to contain _965_ pages.  To determine the number of pages in the file, we use the scale that one half (1/2) inch of documents equals 100 pages.  The total cost for researching, reviewing and copying the file is approximately $ _56.25_ (photocopying is billed at $.15 per page, professional search and review time is billed at a rate of $17.00 per hour and clerical search and review time at $7.00 per hour).  The approximate fee has been computed as _965-100 = 365_ pages of photocopying, ____ hours of clerical search time and ____ hours of professional search time.  We will advise you of the exact cost for the file copy at a later date.  **Please do not submit any payment at this time**.  We can offer the following options to obtain the file:

1.  Allow us to make the copies of the file. We hope to make the file copy in the next 10 to 15 workdays after you give your approval for our office to make the file copy. We will advise you in a separate letter if there is any cost in coping the file.

2.  In an expedited process, we will send the file to a copying contractor. The contractor will make the copies and bill you directly. We will send the file to a contractor in one or two workdays after you give your approval to use an expedited process. Under the expedited process you will not receive any free pages. The contractor will charge you at their rate per page from page one.

3.  The file will be made available for your review at the San Antonio District Office. Please call Servando A. Pena, Paralegal Specialist, at 210-281-7639. between the hours of 9:00 A.M. and 4:00 P.M. to make arrangements to review the file.

[  ] *Please note that the file you requested is at least two and one half inches thick, approximately 500 pages or it is the party's second request. Requesting this file, it is more cost effective to have the file copied by the contractor. Our contractor charges $.12 per page starting with page one. At 500 pages both EEOC's and the contractor's fees are equal and the contractor's fees are less than those of EEOC if the file is larger than two and one half inches thick or approximately 500 pages. If this is the requester's second request, you can only obtain a file copy under the expedited process. If you wish to withdraw your FOIA request, please advise us in writing within two workdays after receiving this letter. You may fax your withdrawal to the above fax number.*

[X] *Please make a selection of one of the options on the enclosed option sheet attached to this letter. After printing your name, marking your choice of options and signing the form, mail or fax(use the above fax number) the option form to EEOC. If there is any cost, we will advise you at a later date.*

[  ] In addition, the file also contain(s) ( )audio cassette(s) labeled as _____ that will be made available upon request. You can request a review of the cassette(s) at our office. You can also request a copy(s) of the cassette(s) at your expense or a transcript of the cassette(s) at your expense.

[  ] You have also made your request for records pursuant to the Privacy Act.  Your request is exempt from the disclosure provisions of the Privacy Act.  29 C.F.R. Section 1611.13. The Commission has provided other means for access to charge files.  These other means are the FOIA and Section 83 of the EEOC Compliance Manual.  Therefore, with respect to a request such as this one, it is EEOC policy that the request be treated as one for the access to records under the Freedom of Information Act, 5 U.S.C. Section 552.

[  ] See the attached comments page for further information.

If you have any additional questions in reference to the above cited FOIA, please direct them to the attention of Servando A. Pena, Paralegal Specialist at 210-281-7601.

Sincerely,

_1-29-04_
Date

Robert B. Harwin
Regional Attorney

**EXEMPTION 5**

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action.  This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).   The exemption covers internal communications that are deliberative in nature.  *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring*,  21 F.3d 465,468 (D.C. Cir. 1994).  *See also, Greyson v. McKenna & Cuneo and EEOC*, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld  to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process.  *A. Michael's Piano, Inc. v. Federal Trade Commission*, 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  *See Mapother, Nevas, et al. v. Dept of Justice*, 3 F.3d 1533 (D.C. Cir. 1993).

INFORMATION WITHHELD PURSUANT TO THE FIFTH EXEMPTION FROM THE FOIA:

|  |  | PAGES |
|---|---|---|
| 1. | Case log entry (pages 1) containing deliberative instructions with regard to processing the charge(1st entry). | 1 |
| 2. | Investigative Memorandum containing analysis of the evidence relating to the charge and the recommended disposition of the charge. | 1 |

**EXEMPTION 7(C)**

Exemption 7(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (1982), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy ....

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *Abraham & Rose, P.L.C. v. United States,* 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 239 (1978); *Manna v. United States Dept. of Justice,* 51 F. 3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." *L&C Marine Transport, Ltd. v. United States,* 740 F.2d 919, 923 (11th Cir. 1984).

The Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(C) FROM THE FOIA:

                                                              PAGES

1.   Confidential witness(es) and statement(s)              *15*

## FOIA EXEMPTION (7)(D)

Exemption 7(D) from the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(D), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source, . . .

Courts have recognized that the first clause of exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, see Cuccaro v. Secretary of Labor, 770 F.2d 355, 359-60 (3d Cir. 1985), but also all information which would "tend to reveal" the source's identity. Pollard v. F.B.I., 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6291. An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. See, e.g., United Technologies Corp. v. N.L.R.B., 777 F.2d 90, 93-94 (2d Cir. 1985).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(D) FROM THE FOIA:

PAGES

Confidential witness(es) and statement(s)                    15

Total withheld pages from both exemptions 7(C) and (D) are 15 pages

# GALE, WILSON & SÁNCHEZ

A Professional Limited Liability Company
ATTORNEYS AT LAW

February 2, 2004

Assistant Legal Counsel/FOIA Programs
Office of Legal Counsel
United States Equal Employment Opportunity Commission
1801 L Street NW
Washington, D.C. 20507

Re:    Martinez v. Bohls Bearing Service
       Charge No. 360-2003-04259
       Request No. A4-03-FOIA-191-SA
       **Appeal**

Dear Sir or Madam:

Please accept this correspondence as my office's appeal of the San Antonio District Office's partial denial of a request for public information submitted pursuant to the Freedom of Information Act (hereinafter "FOIA") in the above-referenced Charge of Discrimination. I have taken the liberty of enclosing the District Office's correspondence partially denying the request, attached as Exhibit "1."

By way of background, I submitted a request for public information to the District Office on or about December 10, 2003, a copy of which is attached as Exhibit "2." The District Office provided the Charging Party's file and withheld certain documents under the "deliberative process," "invasion of personal privacy" and "confidential source" exemptions to FOIA.

My office seeks production of the fifteen pages withheld pursuant to the "invasion of personal privacy" and "confidential source" exemptions to FOIA raised by the District Office in reference to confidential witnesses and statements. See 5 U.S.C. §§ 552(b)(7)(C) & (D). My office does not seek production of documents withheld pursuant to the "deliberative process" exemption to FOIA.

Courts have long recognized that informants provide necessary assistance to the government and are a "vital part of society's defensive arsenal." McCray v. Illinois, 386 U.S. 300, 307, 87 S. Ct. 1056, 1060, 18 L. Ed. 2d 62 (1967). The informant's privilege of anonymity, however, is not without limitation and must be balanced with and cannot override a party's right to due process. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 627-28, 1 L. Ed. 2d 639 (1957). Based upon these principles, I submit that my office is entitled to the requested document and I request that your office direct the District Office to disclose it.

In the alternative, I request that your office direct the District Office to disclose the fifteen pages with the identity of the individuals redacted or deleted. While the alleged informer's identity may be theoretically confidential, the contents of the informer's statement are not.





Assistant Legal Counsel/FOIA Programs
February 2, 2004
Page Two

If you require additional information, please do not hesitate to contact me.  With kindest regards, I remain

Very Truly Yours,

MARK ANTHONY SÁNCHEZ, ESQ.

MAS/le
Enclosures
*VIA* CM-RRR:7002-0860-0007-1949-8809

cc:    Mr. Robert D. Martinez
       326 Fair Avenue
       San Antonio, Texas 78233
       (w/out copy of enclosures)

       Robert B. Harwin, Esq.
       Regional Attorney
       United State Equal Employment Opportunity Commission
       San Antonio District Office
       5410 Fredericksburg Road, Suite 200
       San Antonio, Texas 78229-3555
       (w/copy of enclosures)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

Jarisa Austin   2.17.04

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Office of Legal Counsel
USEEOC
1801 L Street
Washington, D.C.
20507

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 0860 0007 1949 8809   2/2/04

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-154

MAS/2910

**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Martinez / 2410 / MAS / R | 21 '04
Robert                          Appeal

ZIP+4 in this box •

| | Postage | $ | |
| | Certified Fee | | |
| | Return Receipt Fee (Endorsement Required) | | |
| | Restricted Delivery Fee (Endorsement Required) | | |
| | Total Postage & Fees | $ | |

Postmark
Here

LC

Sent To  Office of Legal Counsel

Street, Apt. No.;
or PO Box No.  1801 L Street NW

City, State, ZIP+4  Washington, DC 20507

PS Form 3800, April 2002       See Reverse for Instructions

07



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio District Office

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

Mark A. Sanchez
Gale Wilson & Sanchez
115 E. Travis
Suite 618
San Antonio, Texas 78205

RE:  Freedom of Information Act (FOIA) Request
     Robert D Martinez vs. BOHLS BEARING SERVICE
     Charge No. 360-2003-04259
     Request No. A4-03-FOIA-191-SA

Dear Mr. Sanchez:

[X] You are the Charging Party/Charging Party's Representative.
    [✓]  The EEOC completed its processing of the above cited
    investigative file on ___12-5-03___.
    [ ]  The Charging Party has filed a lawsuit.

[ ] You are the Respondent/Respondent's Representative.
    [ ]  The EEOC completed its processing of the above cited
    investigative file on _____.
    [ ]  The Charging Party has filed a lawsuit.

[ ] You are neither Charging Party/Charging Party's Representative,
    nor are you Respondent/Respondent's Representative.

[ ] Your request was sent improperly to this office and has been
    forwarded to the Regional Attorney for the _____
    District Office of the EEOC for response.  Your request will not
    be deemed received by the Commission until received by the
    appropriate Regional Attorney.  29 C.F.R. Section 1610.7(d).

[ ] Your request is neither granted nor denied because:  [ ] your
    request does not reasonably describe the records you wish
    disclosed or [ ] no records fitting the description of the
    records you seek disclosed could be located after a thorough
    search or [ ] the records were destroyed in the normal course of
    business on _____.

[ ] Processing of the request cannot proceed unless we receive a
    copy of the court complaint for our review.  Please make sure
    the copy clearly reflects the cause number of the case and the
    date it was filed with the court.

[ ] Your request is granted.


EXHIBIT

1

[  ] Your request is denied pursuant to the subsection(s) of the Freedom of Information Act (FOIA), 5 U.S.C. Section 552(b), indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

[ ]  (2)                               [ ]  (5)
[ ]  (3)                               [ ]  (6)
    [ ]  Sections 706(b) and 709(e)    [ ]  (7)(A)
         of Title VII                  [ ]  (7)(C)
    [ ]  Section 709(e) of Title VII   [ ]  (7)(D)
    [ ]  5 USCA Sec. 574(j)            [ ]  (7)(F)
[ ]  (4)

[X] Your request is granted in part and denied in part.  Portions not released are being withheld pursuant to the subsection(s) of the FOIA indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

[ ]  (2)                               [X]  (5)
[ ]  (3)                               [ ]  (6)
    [ ]  Sections 706(b) and 709(e)    [ ]  (7)(A)
         of Title VII                  [ ]  (7)(C)
    [ ]  Section 709(e) of Title VII   [ ]  (7)(D)
    [ ]  5 USCA Sec. 574(j)            [ ]  (7)(F)
[ ]  (4)

[X] You may appeal the denial or partial denial of your request by writing within thirty (30) days of receipt of this letter to Assistant Legal Counsel/FOIA Programs, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, D.C.  20507.  You must include a copy of the Regional Attorney's determination with your appeal.  Your appeal will be governed by 29 C.F.R. § 1610.11.

We estimate the requested file to be _2 3/8_ inch(es) of documents.  We further estimate this file to contain _465_ pages.  To determine the number of pages in the file, we use the scale that one half (1/2) inch of documents equals 100 pages.  The total cost for researching, reviewing and copying the file is approximately $ _56.25_ (photocopying is billed at $.15 per page, professional search and review time is billed at a rate of $17.00 per hour and clerical search and review time at $7.00 per hour).  The approximate fee has been computed as _465-100 = 365_ pages of photocopying, ____ hours of clerical search time and ____ hours of professional search time.  We will advise you of the exact cost for the file copy at a later date.  ***Please do not submit any payment at this time.***  We can offer the following options to obtain the file:

1. Allow us to make the copies of the file. We hope to make the file copy in the next 10 to 15 workdays after you give your approval for our office to make the file copy. We will advise you in a separate letter if there is any cost in coping the file.

2. In an expedited process, we will send the file to a copying contractor. The contractor will make the copies and bill you directly. We will send the file to a contractor in one or two workdays after you give your approval to use an expedited process. Under the expedited process you will not receive any free pages. The contractor will charge you at their rate per page from page one.

3. The file will be made available for your review at the San Antonio District Office. Please call Servando A. Pena, Paralegal Specialist, at 210-281-7639 between the hours of 9:00 A.M. and 4:00 P.M. to make arrangements to review the file.

[ ] *Please note that the file you requested is at least two and one half inches thick, approximately 500 pages or it is the party's second request. Requesting this file, it is more cost effective to have the file copied by the contractor. Our contractor charges $.12 per page starting with page one. At 500 pages both EEOC's and the contractor's fees are equal and the contractor's fees are less than those of EEOC if the file is larger than two and one half inches thick or approximately 500 pages. If this is the requester's second request, you can only obtain a file copy under the expedited process. If you wish to withdraw your FOIA request, please advise us in writing within two workdays after receiving this letter. You may fax your withdrawal to the above fax number.*

[✓] *Please make a selection of one of the options on the enclosed option sheet attached to this letter. After printing your name, marking your choice of options and signing the form, mail or fax (use the above fax number) the option form to EEOC. If there is any cost, we will advise you at a later date.*

[ ] In addition, the file also contain(s) ( ) audio cassette(s) labeled as _____ that will be made available upon request. You can request a review of the cassette(s) at our office. You can also request a copy(s) of the cassette(s) at your expense or a transcript of the cassette(s) at your expense.

[ ] You have also made your request for records pursuant to the Privacy Act.  Your request is exempt from the disclosure provisions of the Privacy Act.  29 C.F.R. Section 1611.13. The Commission has provided other means for access to charge files.  These other means are the FOIA and Section 83 of the EEOC Compliance Manual.  Therefore, with respect to a request such as this one, it is EEOC policy that the request be treated as one for the access to records under the Freedom of Information Act, 5 U.S.C. Section 552.

[ ] See the attached comments page for further information.

If you have any additional questions in reference to the above cited FOIA, please direct them to the attention of Servando A. Pena, Paralegal Specialist at 210-281-7601.

                          Sincerely,


1-29-04

    Date                  Robert B. Harwin
                          Regional Attorney

**EXEMPTION 5**

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action.  This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The exemption covers internal communications that are deliberative in nature.  *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC,* 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Chorr v. United States Corps of Eng'rs.,* 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services,* 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker.  *First Eastern Corp. v. Mainwaring,*  21 F.3d 465,468 (D.C. Cir. 1994).  *See also, Greyson v. McKenna & Cuneo and EEOC,* 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld  to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission,* 18 F.3d 138 (2d Cir. 1994).  An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure.  *See Mapother, Nevas, et al. v. Dept of Justice,* 3 F.3d 1533 (D.C. Cir. 1993).

INFORMATION WITHHELD PURSUANT TO THE FIFTH EXEMPTION FROM THE FOIA:

|  |  | PAGES |
|---|---|---|
| 1. | Case log entry (pages 1) containing deliberative instructions with regard to processing the charge(1st entry). | 1 |
| 2. | Investigative Memorandum containing analysis of the evidence relating to the charge and the recommended disposition of the charge. | 1 |

**EXEMPTION 7(C)**

Exemption 7(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (1982), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy ....

The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. *Abraham & Rose, P.L.C. v. United States,* 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. *National Labor Relations Board v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 239 (1978); *Manna v. United States Dept. of Justice,* 51 F. 3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." *L&C Marine Transport, Ltd. v. United States,* 740 F.2d 919, 923 (11th Cir. 1984).

The Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(C) FROM THE FOIA:

PAGES

1.   Confidential witness(es) and statement(s)                    *15*

## FOIA EXEMPTION (7)(D)

Exemption 7(D) from the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(D), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source, . . .

Courts have recognized that the first clause of exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, see Cuccaro v. Secretary of Labor, 770 F.2d 355, 359-60 (3d Cir. 1985), but also all information which would "tend to reveal" the source's identity. Pollard v. F.B.I., 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6291. An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. See, e.g., United Technologies Corp. v. N.L.R.B., 777 F.2d 90, 93-94 (2d Cir. 1985).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(D) FROM THE FOIA:

PAGES

Confidential witness(es) and statement(s)                     15

Total withheld pages from both exemptions 7(C) and (D) are 15 pages

# GALE, WILSON & SÁNCHEZ

A Professional Limited Liability Company

ATTORNEYS AT LAW

December 10, 2003

United States Equal Employment Opportunity Commission
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555

Re:   Robert D. Martinez, v. Bohls Equipment Co.
      Charge No. 360-2003-04259
      G, W, & S File No. 2910
      **Request for Information Pursuant
      to Freedom of Information Act**

Dear Sir or Madam:

Please be advised that I represent the above-referenced Charging Party and Plaintiff. I request that you direct all future communications and correspondence regarding this matter to my attention.

Pursuant to the Freedom of Information Act, I respectfully request that you forward the Equal Employment Opportunity Commission's (hereinafter "Commission") entire investigative file compiled during the Commission's investigation into the Charging Party's Notice of Charge of Discrimination.

In connection with my request, my firm will pay for reasonable and necessary costs incurred by the Commission in the compilation and duplication of the file. If you have any questions regarding my request, please do not hesitate to contact me. With kindest regards, I remain

Very Truly Yours,

MARK ANTHONY SÁNCHEZ, ESQ.

MAS/le

cc:   Mr. Robert D. Martinez
      326 Fair Avenue
      San Antonio, Texas 78223

G:\MyFiles\l-Sanchez\Martinez, Robert\EEOC - FOIA.doc

**EXHIBIT**

2

115 EAST TRAVIS, SUITE 618  •  SAN ANTONIO, TEXAS 78205
TELEPHONE: (210)222-8899  •  TELECOPIER: (210)222-9526



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**WASHINGTON, D.C. 20507**

MAR 1 6 2004

Office of
Legal Counsel

Mr. Mark Anthony Sánchez, Esq.
Gale, Wilson & Sánchez
115 East Travis, Suite 618
San Antonio, Texas  78205

**Re: FOIA No. A4-03-FOIA-191-SA**

Dear Mr. Sánchez:

Your appeal under the Freedom of Information Act (FOIA) has been processed.  The paragraph(s) checked below apply:

[ ]     Your appeal is granted.

[ ]     Your appeal is denied for the reasons given in the initial denial of your request.

[ ]     Your appeal is denied pursuant to the subsections of the FOIA indicated at the end of this letter.  An attachment to this letter explains the use of these exemptions in more detail.

[X]     Your appeal is granted in part and denied in part.  Those records not released are being withheld:

       [ ]     For the reasons given in the initial denial of your request.

       [ ]     Pursuant to the subsections of the FOIA indicated at the end of this letter.  An attachment to this letter explains the use of these exemptions in more detail.

[ ]     You must send a check for $ _____ made payable to the United States Treasurer to the above address.  We have billed you for ____ hours of professional search time at a rate of $17.00 per hour, ____ hours of clerical search time at $7.00 per hour, and photocopying of ____ pages at $.15 per page. 29 C.F.R. § 1610.15.  Address your correspondence to the attention of _____.

[ ]     The records disclosed on appeal are enclosed.  No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

EXHIBIT

P-4

ALL-STATE LEGAL®

MAR 22 2004

[ ]   The records disclosed on appeal are enclosed.  Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ ]   You should contact the Regional Attorney who responded to your request to obtain the documents disclosed on appeal.  The Regional Attorney will determine whether fees will be assessed.

[X]   If you are dissatisfied with this decision, you may file a civil action in the United States district court in the district where you reside or have your principal place of business, where the agency records are situated, or in the District of Columbia.

[X]   See the attached Comments page for further information.

Sincerely,

Stephanie D. Garner
Assistant Legal Counsel/FOIA

Applicable Sections of the Freedom of Information Act,
5 U.S.C. § 552(b):

[ ] (2)                              [ ] (6)
[ ] (3)                              [ ] (7)(A)
  [ ] Section 706(b) of Title VII    [ ] (7)(C)
  [ ] Section 709(e) of Title VII    [X] (7)(D)
[ ] (4)                              [ ] other (see attached)
[ ] (5)

cc:    Robert B. Harwin, Regional Attorney
       San Antonio District Office

2

FOIA No. A4-03-FOIA-191-SA

ATTACHMENT

Exemption 7(D)

Exemption 7(D) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(D) (1982), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source . . . .

Courts have recognized that the first clause of Exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, *see Cuccaro v. Secretary of Labor,* 770 F.2d 355, 359-60 (3d Cir. 1985), but also information which would "tend to reveal" the source's identity, *Pollard v. F.B.I.,* 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under Exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6267, 6291. An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. *See, e.g., United Technologies Corp. v. N.L.R.B.,* 777 F.2d 90, 93-94 (2d Cir. 1985).

<u>DOCUMENTS AND INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(D) TO THE FOIA:</u>

1.  Investigator's handwritten notes of interview with Confidential Witness A, undated, one (1) page.
2.  Handwritten confidential statement of Witness A, dated October 29, 2003, three (3) pages.
3.  Typewritten letter from EEOC Investigator to Confidential Witness A, dated October 15, 2003, one (1) page.
4.  Investigator's handwritten notes of interview with Confidential Witness B, undated, one (1) page.
5.  Handwritten confidential statement of Witness B, dated October 21, 2003, three (3) pages.
6.  Typewritten letter from EEOC Investigator to Confidential Witness B, dated October 15, 2003, one (1) page.
7.  Copy of item #6, above, one (1) page.
8.  Typewritten questions posed by the EEOC investigator to Confidential Witness B with Witness B's handwritten responses, undated, one (1) page.
9.  Handwritten documentation provided by Confidential Witness B to EEOC Investigator, date withheld, one (1) page.

3

FOIA No. A4-03-FOIA-191-SA

DOCUMENTS RELEASED ON APPEAL

1.      Copy of envelope addressed to EEOC investigator, postmarked October 21, 2003, one (1) page.

2.      Copy of envelope addressed to EEOC investigatory, postmarked October 22, 2003, one (1) page.

FOIA No. A4-03-FOIA-191-SA

COMMENTS

In the matter before us, employees of respondent with information relevant to the charge agreed to disclose that information to EEOC on condition that EEOC promise to safeguard their identities and the information they provided. EEOC agreed to do so. Courts have recognized that a strong Exemption 7(D) is necessary to ensure that "confidential sources are not lost through retaliation against the sources for past disclosure or because of the sources' fear of future disclosure." *Brant Constr. Co. v. EPA*, 778 F.2d 1258, 1262 (7th Cir. 1985). *See also Ortiz v. HHS*, 70 F.3d 729, 732 (2d Cir. 1995) ("Exemption 7(D) is meant to . . . protect confidential sources from retaliation that may result from the disclosure of their participation in law enforcement activities"), *cert. denied*, 116 S. Ct. 1422 (1996); *McDonnell v. United States*, 4 F.3d 1227, 1258 (3d Cir. 1993) ("goal of Exemption 7(D) [is] to protect the ability of law enforcement agencies to obtain the cooperation of persons having relevant information and who expect a degree of confidentiality in return for their cooperation").

The witnesses whose identity and statements you seek unequivocally were promised confidentiality. As a result, neither the witnesses' identities nor their statements or other identifying information, such as the Investigator's letters to the witnesses, must be disclosed. *See, e.g., Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (finding information provided under express assurances of confidentiality exempt from disclosure). Consequently, where, as here, sources have been promised confidentiality, "Exemption 7(D) does not require the Government to justify its decision to withhold information against the competing claim that the public interest weighs in favor of disclosure." *Nadler v. United States Dep't of Justice*, 955 F.2d 1479, 1487 n.8 (11th Cir. 1992).

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG ROAD – SUITE 200
SAN ANTONIO TX 78229-3555

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

AN EQUAL OPPORTUNITY EMPLOYER

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 12857    WASHINGTON DC

POSTAGE WILL BE PAID BY US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG RD STE 200
SAN ANTONIO TX 78229-9934

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG ROAD – SUITE 200
SAN ANTONIO TX 78229-3655

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

AN EQUAL OPPORTUNITY EMPLOYER



# BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 12857    WASHINGTON DC

POSTAGE WILL BE PAID BY US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG RD  STE 200
SAN ANTONIO TX 78229-9934

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

