IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

AUG 2 7 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TE.. 3
BY _____
DEPUTY CLE..ᴋ

| | | |
|---|---|---|
| ROBERT D. MARTINEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. SA-04-CA-0391-XR |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MOTION FOR SUMMARY JUDGMENT AND
LEGAL MEMORANDUM IN SUPPORT THEREOF**

The Equal Employment Opportunity Commission ("EEOC") moves the Court for

Summary Judgment dismissing the Complaint pursuant to Rule 56(b) of the Federal Rules of

Civil Procedure.  This motion is based upon the Declarations of Stephanie Garner and Barbara

Hoffman filed herewith, the legal authorities identified in this motion and legal memorandum

and the pleadings herein.

**FACTUAL RECORD**

Plaintiff filed a discrimination charge  against his employer, Bohl's Bearing Equipment

Company and Bohl's Bearing Service Company, a business with approximately 30-40 employees

(Barbara J. Hoffman "Hoffman" Decl., ¶ 4).  The EEOC's investigation of Plaintiff's charge

included two witnesses who provided information after being told by the EEOC  Investigator that

their identities would remain confidential (*Id.*).  After completion of the EEOC's investigation,

13

Plaintiff received a Notice of Right to Sue in December 2003 (Hoffman Decl., ¶ 7).

On December 10, 2003, Plaintiff filed a request pursuant to 5 U.S.C. § 551, et. seq. (hereinafter the "Freedom of Information Act" or "FOIA") seeking the EEOC's entire investigative file regarding his charge (Stephanie D. Garner "Garner" Decl., ¶ 5). The EEOC's San Antonio District Office, acting through its Regional Attorney, released 465 pages from the EEOC's charge file, but withheld seventeen pages in whole or part pursuant to FOIA Exemptions (b)(5), (b)(7)(C) and (b)(7)(D) (Garner Decl, ¶ 6).[1] The Plaintiff then filed the requisite administrative appeal to the EEOC's Office of Legal Counsel, seeking release of the 15 pages withheld pursuant to Exemption (b)(7) (Garner Decl, ¶ 7).[2] The EEOC granted Plaintiff's appeal in part and denied it in part, relying upon Exemption (b)(7)(D) to withhold 13 pages (Garner Decl, ¶ 8 ). The documents which remain in dispute before this Court consist of nine entire pages and information redacted from four other pages (Garner Decl., ¶ 9).[3] They are identified with bracketed explanation of the nature of the withheld information as follows:

A. Investigator's handwritten notes of an interview with Confidential Witness A, undated (1 page). [The notes detail the Witness's employment history and explain whether/how the Witness knows the Plaintiff.] (Garner Decl, ¶ 9A).

B. A handwritten statement of Witness A, dated October 29, 2003 (3 pages). [The statement describes the Witness's position and duties at the company, the Witness's employment history, the Witness's anecdotes and personal experience regarding discrimination, and whether/how the Witness knows the Plaintiff.] (Garner Decl, ¶ 9B).

---

[1] These FOIA exemptions are codified at 5 U.S.C. § 552(b)(5), (b)(7)(C), and (b)(7)(D) , respectively.

[2] Plaintiff did not appeal the Regional Attorney's decision to withhold two pages pursuant to exemption (b)(5).

[3] The EEOC released two entire pages during Plaintiff's administrative appeal and four redacted pages in the EEOC's Answer to Plaintiff's Complaint (Garner Decl., ¶¶ 8-9).

2

C. The redacted name and address of Witnesses A contained in a disclosed typewritten letter from the Investigator to Confidential Witness A, dated October 15, 2003 (1 page). (Garner Decl, ¶ 9C).

D. Investigator's handwritten notes of interview with Confidential Witness B, undated (1 page). [The notes describes the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.] (Garner Decl., ¶ 9D).

E. A handwritten statement of Witness B, dated October 21, 2003 (3 pages). [The statement describes the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.] (Garner Decl, ¶ 9E).

F. The redacted name and address of Witness B contained in a disclosed typewritten letter from the Investigator to Confidential Witness B, dated  October 15, 2003 (1 page). (Garner Decl, ¶ 9F).

G. A copy of preceding Document F with the same redaction (1 page). (Garner Decl, ¶ 9G).

H. The redacted responses of Confidential Witness B to disclosed typewritten questions posed by the Investigator, undated (1 page). [The answers reveal the Witness's position at the company, the Witness's employment history, and whether/how the Witness knows the Plaintiff.] (Garner Decl, ¶ 9H).

I. Handwritten letter provided by Confidential Witness B to the Investigator, dated June 9, 2001 (1 page). [The letter from the Witness to the respondent-employer addresses employment matters of the Witness.] (Garner Decl, ¶ 9I).

The EEOC declined to produce the preceding 13 pages (or information redacted therefrom) pursuant to FOIA Exemption 7(D) (Garner Decl, ¶¶ 8-9), which authorizes the government to withhold information which could reasonably be expected to reveal the identities of persons who have a reasonable anticipation of confidentiality when they cooperate with a law enforcement investigation.  5 U.S.C. § 552(b)(7)(D).  In the EEOC's judgment, disclosure of the disputed 13 pages, thereby revealing the bracketed information identified above, could reasonably be expected to disclose the identity of the two confidential witnesses (Hoffman Decl., ¶ 6).

3

## LEGAL ARGUMENT

### A. Summary Judgment Standard

A court "shall" enter summary judgment when there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c);

*Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 879 (5th Cir. 2004).  The

determinative issue is whether there is a genuine factual issue which requires a trial because that

issue may be reasonably resolved in favor of either party.  *Anderson v. Liberty Lobby*, 477 U.S.

242, 250 (1986).  If the movant shows the absence of a genuine issue for trial, then the burden of

proof shifts to the non-movant to present evidence showing a genuine issue for trial.  *Celotex*

*Corp. v. Cattrett,* 477 U.S. 317 (1986).  The party opposing summary judgment must "do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  The non-movant must go

beyond the pleadings and designate specific facts in the record showing that there is a genuine

issue for trial.  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the

non-movant's burden.  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

### B. Defendant Should Be Granted Summary Judgment Based on the Declarations of Stephanie D. Garner and Barbara J. Hoffman

The EEOC has presented the declarations of Ms. Stephanie Garner and Ms. Barbara

Hoffman to establish that the disputed pages were withheld from production because the

information contained in those pages could reasonably be expected to reveal the identities of two

witnesses who had been informed by Ms. Hoffman that they could talk to her in confidence

(Hoffman Decl., ¶ 4, 6; Garner Decl., ¶¶ 8-9).  These declarations establish the applicability of 5

U.S.C. § 552(b)(7)(D) [hereafter "confidential witness exemption"], which exempts such

information from FOIA requests.  Government affidavits are a proper basis upon which a court

may grant summary judgment pursuant to a FOIA exemption:

> Agency affidavits constitute a sufficient basis upon which to grant summary
> judgment in FOIA cases, provided the affidavit describes, with reasonable detail, the
> reasons for nondisclosure, demonstrates a logical relationship between the withheld
> information and the claimed exemption, and is not controverted by agency bad faith.

Miller v. Casey, 730 F.2d 773, 776 (D.C. Cir. 1984).  The EEOC's Motion for Summary

Judgment satisfies this standard.


### C. The EEOC Correctly Applied FOIA Exemption 7(D)

The EEOC relies upon the confidential witness exemption in withholding the subject

information.  That exemption states that information may be withheld if it has been "compiled

for law enforcement purposes" and if it "could reasonably be expected to disclose the identity of

a confidential source." 5 U.S.C. § 552(b)(7)(D).  Thus, information is exempt from FOIA

production pursuant to the confidential witness exemption if three elements are satisfied: (1) the

information was gathered for law enforcement purposes; (2) a confidential source is involved and

(3) the information could reasonably be expected to disclose the identity of that confidential

source.

The EEOC investigates Title VII charges in order to enforce the nation's employment

discrimination laws, so the first element is satisfied.

The existence of a confidential source is also easily established in this case. A "confidential source" is defined as one who provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *U.S. Dep't of Justice v. Landano,* 508 U.S. 165, 172 (1993). The issue is not whether the particular document that contains the information is one that the law enforcement agency normally treats as confidential; the issue is whether the source who provided the information was under the impression that he or she would remain confidential. *Id.*

Ms. Hoffman's declaration establishes that she assured the two confidential witnesses that their identities would remain confidential (Hoffman Decl., § 4). She so noted that promise in her notes related to her communications with these two witnesses (*Id.*). Courts have uniformly held that an express promise of confidentiality by a law enforcement agency automatically makes the information subject to Exemption 7(D)'s protection. These cases do not distinguish between the situation in which a witness solicits a confidentiality agreement from the agency before supplying the information and that in which the agency itself offers the witness confidentiality before obtaining the information. *See, e.g., Rosenfeld v. U.S. Dep't of Justice,* 57 F.3d 803, 814 (9th Cir. 1995); *Jones v. FBI,* 41 F.3d 238, 248 (6th Cir. 1994); *McDonnell v. United States,* 4 F.3d 1227, 1258 (3rd Cir. 1993).

The third element required to invoke the confidential witness exemption is that the withheld information be such that its disclosure could reasonably be expected to allow identification of the confidential source. Exemption (b)(7)(D) therefore not only protects obviously identifying information (such as the witnesses' names and addresses withheld from pages identified in Garner Decl. ¶¶ 9C, 9F and 9G ), but also information that could reasonably

be expected to indirectly reveal a witness's identity.  *See, e.g., Pollard v. FBI*, 705 F.2d 1151,

1155 (9th Cir. 1983) (holding that an entire document was properly withheld because it would

"tend to reveal [the witness's] identity.")  The pages identified at Garner Decl. ¶¶ 9A, 9B, 9C,

9D, 9E, 9H and 9I were not released to Plaintiff because the information contained therein could

reasonably be expected to disclose the identities of the two confidential witnesses, as discussed

in the following paragraphs.

The Plaintiff's employer, Bohl's Bearing Equipment Company and Bohl's Bearing

Service Company, employed only approximately 30-40 employees, a relatively small work force

in which the employees can be reasonably expected to be familiar with each other and to

converse about the events in each others' lives.  In this small community, it is a distinct

probability that the Plaintiff would know the confidential witnesses.  The Plaintiff's employer

would certainly know its employees.  If a confidential witness is well known to the interested

parties,  the agency must protect "even the most oblique indications of identity."  *Doe v. U.S*

*Dep't of Justice,* 70 F. Supp. 17, 21 (D. D.C. 1992).  The EEOC has withheld the remaining

subject pages because they all contain information which allow identification of the confidential

witnesses, either by specific association or by allowing Plaintiff to narrow the field of possible

persons who could be the witness.  The confidential witness exemption prohibits the disclosure

of information that would allow the Plaintiff to narrow down Bohl's 30-40 employees to a

limited group of individuals who could potentially be the witnesses in question.  *See Ajluni v.*

*FBI*, 947 F. Supp. 599, 606 (N.D.N.Y. 1996).  The information regarding the confidential

witnesses contained in the remaining withheld pages - employment history, whether the witness

knows the Plaintiff and personal anecdotes and experience at Bohls - is the type that allows

identification in a community such as Bohls.

Some of the withheld pages include specific employment history of the confidential witnesses such as tenure, position, duties, etc. (Garner Decl., ¶¶ 9A, 9B, 9D, 9H and 9I).  That information would either specifically identify the witness or allow a narrowing of the group so as to make identification more easy.

Some of the withheld pages include information regarding whether the confidential witnesses know the Plaintiff and, if so, how they know the Plaintiff (Garner Declaration paragraphs 9A, 9B and 9H).  That information would allow either identification or a narrowing of the group.

Some of the withheld pages include the witnesses' opinions regarding aspects of Plaintiff's discrimination charge based upon their anecdotes or personal experiences while they were employed at Bohls (Garner Decl., ¶¶ 9B, 9D, 9E, 9H, 9I).  This information is likely to be unique to each of the respective witnesses and therefore would allow their identification in a small community such as Bohls.

All of the withheld information falls into one of the above referenced categories and therefore can reasonably be expected to disclose the identity of Confidential Witness A or Confidential Witness B.

### III. CONCLUSION

For all of the reasons stated above, the EEOC respectfully submits that it properly withheld nine entire pages and redacted information from four other pages in Plaintiff's charge file pursuant to the confidential witness exemption, 5 U.S.C. § 552(b)(7)(D).  There is no

genuine issue of material fact, so the EEOC is entitled to summary judgment as a matter of law. .

Dated this __11th__ day of August, 2004.

Respectfully submitted:

PEGGY MASTROIANNI
Associate Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

JAMES G. ALLISON
Attorney for Defendant
Wisconsin Bar # 1012684
Office of Legal Counsel
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C.  20507
Phone: (202) 663-4661
Fax:   (202) 663-4639

Local Counsel:
SUSAN B. BIGGS
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597
Phone: (210) 384-7351

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT D. MARTINEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. SA-04-CA-0391-XR |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING SUMMARY JUDGMENT AND
DISMISSING COMPLAINT**

Based upon the Equal Employment Opportunity Commission's (EEOC) Motion for

Summary Judgment, and both parties' filings with respect to that Motion, the Court finds that

there is no genuine issue of material fact in this case and that the EEOC is entitled to judgment as

a matter of law because those pages of the EEOC's charge file at issue were properly withheld by

the EEOC pursuant to 5 U.S.C. § 552(b)(7)(D).  The Complaint is dismissed on its merits and

with prejudice.

Signed this _____ day of _____, 2004.


_____
Xavier Rodriguez
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that the following is true and correct.

On August 11, 2004, I served the Equal Employment Opportunity Commission's Motion for

Summary Judgment and Legal Memorandum In Support Thereof and its Appendix Supporting Its

Motion for Summary Judgment on the following persons by depositing said documents in

regular, first class mail on August 11, 2004:

> Mark Anthony Sanchez, Esq.
> Gale, Wilson & Sanchez, P.L.L.C.
> 115 East Travis Street, Suite 618
> San Antonio, Texas 78205

Executed in Washington, D.C. on August 11, 2004.

_James G. Allison_
James G. Allison

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT D. MARTINEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. SA-04-CA-0391-XR |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSIONS**
**APPENDIX SUPPORTING ITS**
**MOTION FOR SUMMARY JUDGMENT**

---

CONTENTS

1. Declaration of Barbara J. Hoffman, EEOC Investigator (pages 1-4).

2. Declaration of Stephanie D. Garner, EEOC Assistant Legal Counsel/FOIA (pages 6-9),

including exhibits thereto (pages 10-25).

1IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR.,    )
    )
    Plaintiff,    )
    )
    )
    )    CIVIL ACTION NO. SA-04-CA-0391-XR
    )
vs.    )
    )
    )
    )
EQUAL EMPLOYMENT    )
OPPORTUNITY COMMISSION,    )
    )
    Defendant.    )
    )

## DECLARATION OF BARBARA J. HOFFMAN
## IN SUPPORT OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
## MOTION FOR SUMMARY JUDGMENT

I, Barbara  J. Hoffman, do hereby declare and state as follows:

1.  I am an Investigator for the San Antonio District Office of the U.S. Equal Employment

Opportunity Commission (EEOC or Commission).

2.  Among my duties as EEOC Investigator, I interview persons who may have

information regarding discrimination charges which have been filed with the Commission.  I was

the Investigator responsible for conducting the investigation, including interviewing potential

witnesses, for the Title VII charge filed by Robert D. Martinez, Jr. against Bohl's Bearing

Equipment Company and Bohl's Bearing Service Company ("Respondent"), designated as

EEOC Charge No. 360-2003-04259.

3.  The statements made in this Declaration are based upon my personal knowledge

acquired through the performance of my official duties or upon documents or information available to me in my official capacity and are true and correct to the best of my knowledge and belief.

     4.  Plaintiff filed a discrimination charge against Respondent, which is a business employing approximately 30-40 persons.  I communicated with various persons as part of the EEOC's investigation of Plaintiff's charge, including two persons whom I will identify as "Confidential Witness A" and "Confidential Witness B."  My purpose in contacting these persons was to ascertain if they possessed information which would be of assistance in resolving the Plaintiff's charge.  At the time of my communications with Confidential Witnesses A and B, I assured both of them that their identities would remain confidential.

     5.  The pages identified as follows were all generated in relation to my communications with Confidential Witness A or Confidential Witness B; I have described the subject matter of the pages in brackets following the page descriptions:

     A.  Investigator's handwritten notes of an interview with Confidential Witness A, undated (1 page). [The notes detail the Witness's employment history and explain whether/how the Witness knows the Plaintiff.]

     B.  A handwritten statement of Witness A, dated October 29, 2003 (3 pages).  [The statement describes the Witness's position and duties at the company, the Witness's employment history, the Witness's anecdotes and personal experience regarding discrimination, and whether/how the Witness knows the Plaintiff.]

     C.  The name and address of Witnesses A on a typewritten letter from the Investigator to Confidential Witness A, dated October 15, 2003 (1 page).

     D.  Investigator's handwritten notes of interview with Confidential Witness B, undated (1 page). [The notes describe the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.]

     E.  A handwritten statement of Witness B, dated October 21, 2003  [The

statement describes the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.]

      F.  The name and address of Witness B on a typewritten letter from the Investigator to Confidential Witness B, dated  October 15, 2003 (1 page).

      G. A copy of preceding Document F with the same redaction (1 page).

      H. The responses of Confidential Witness B to typewritten questions posed by the Investigator, undated (1 page). [The answers reveal the Witness's position at the company, the Witness's employment history, and whether/how the Witness knows the Plaintiff.]

      I.  Handwritten letter provided by Confidential Witness B to the Investigator, dated June 9, 2001 (1 page). [The letter from the Witness to the respondent-employer addresses employment matters of the Witness.]

6.  The information withheld from disclosure in A through I above, if disclosed to the Plaintiff, would allow identification of Confidential Witness A and Confidential Witness B, respectively.  The information redacted from the pages described in C, F and G is the name and address of the confidential witnesses.  The documents described in A, B, D, H and I contain the confidential witness's employment history at the Respondent, histories which may allow identification of those persons among the relatively small workforce (30) of the Respondent.  The documents described in A, B and H contain information as to whether the confidential witness knows the Plaintiff and those witness's opinions regarding certain aspects of the Plaintiff's charge, information which could reasonably be expected to disclose the identities of those confidential witnesses.  The documents described in B, D, E and I contain personal anecdotes and experiences of the confidential witnesses, information which could reasonably be expected to disclose the identities of those confidential witnesses in light of the relatively small workforce.

7.  The EEOC issued a Notice of Right to Sue to the Plaintiff on December 5, 2003.

I certify that, under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this ___*10*___ day of August, 2004.

Barbara J. Hoffman
Investigator
U.S. Equal Employment Opportunity Commission

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT D. MARTINEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. SA-04-CA-0391-XR |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF STEPHANIE D. GARNER
IN SUPPORT OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MOTION FOR SUMMARY JUDGMENT**

I, Stephanie D. Garner, do hereby declare and state as follows:

1. I am the Assistant Legal Counsel/FOIA for the U.S. Equal Employment Opportunity

Commission (EEOC or Commission).

2. Among my duties as Assistant Legal Counsel/FOIA, I issue decisions on all FOIA

appeals from EEOC field offices.

3. The statements made in this Declaration are based upon my personal knowledge or

upon documents or information available to me in my official capacity and are true and correct to

the best of my knowledge and belief. I hereby certify that the attachments to this Declaration,

described below, are true and correct copies of the documents sent or received by EEOC that are

maintained in our office files.

6

4. I make this Declaration on the basis of knowledge acquired through the performance of my official duties.

5. On December 10, 2003, Plaintiff sent a Freedom of Information Act ("FOIA") request to the EEOC, requesting disclosure of the EEOC's investigative file regarding his discrimination charge against his employer (Charge No. 360-2003-04259).

6. Defendant's Exhibit 1, attached hereto, is the EEOC's San Antonio District Office Regional Attorney's initial determination, dated January 29, 2004, regarding Plaintiff's FOIA request. The EEOC Regional Attorney produced 465 pages in response to Plaintiff's request, but withheld 16 entire pages and redacted information on a seventeenth page pursuant to FOIA Exemptions (b)(5), (b)(7)(C) and (b)(7)(D).

7. Plaintiff appealed the EEOC Regional Attorney's determination to the EEOC's Office of Legal Counsel in Washington, D.C. Defendant's Exhibit 2, attached hereto, is that administrative appeal (excluding exhibits thereto), dated February 2, 2004. Plaintiff did not appeal the EEOC's decision to withhold the two documents based on FOIA Exemption (b)(5). Plaintiff's appeal was limited to the 15 pages which the EEOC's Regional Attorney had withheld pursuant to FOIA exemptions (b)(7)(C) and (b)(7)(D).

8. The EEOC issued its decision on Plaintiff's appeal on March 16, 2004. Defendant's Exhibit 3, attached hereto, is that decision issued over my signature. The EEOC granted Plaintiff's appeal in part by releasing two of the 15 pages which were subject of the appeal. The EEOC denied the remainder of the appeal, citing FOIA Exemption (b)(7)(D) in refusing to disclose the remaining 13 pages.

9. The Plaintiff filed this lawsuit on May 5, 2004, asking this Court to order the EEOC to

7

produce the 13 pages of its charge file which have been withheld.  In its Answer to Plaintiff's

Complaint, the EEOC produced four of the disputed 13 pages, but redacted information from

those pages which could reasonably be expected to disclose the identities of the confidential

witnesses.  Therefore, the thirteen pages now at issue, with bracketed description of the withheld

subject matter, are as follows:

    A.  Investigator's handwritten notes of an interview with Confidential Witness A, undated (1 page). [The notes detail the Witness's employment history and explain whether/how the Witness knows the Plaintiff.]

    B.  A handwritten statement of Witness A, dated October 29, 2003 (3 pages).  [The statement describes the Witness's position and duties at the company, the Witness's employment history, the Witness's anecdotes and personal experience regarding discrimination, and whether/how the Witness knows the Plaintiff.]

    C.  The redacted name and address of Witnesses A on a typewritten letter from the Investigator to Confidential Witness A, dated October 15, 2003 (1 page).

    D.  Investigator's handwritten notes of interview with Confidential Witness B, undated (1 page). [The notes describes the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.]

    E.  A handwritten statement of Witness B, dated October 21, 2003 (3 pages).  [The statement describes the Witness's employment history and the Witness's anecdotes and personal experiences regarding discrimination.]

    F.  The redacted name and address of Witness B on a typewritten letter from the Investigator to Confidential Witness B, dated  October 15, 2003 (1 page).

    G.  A copy of preceding Document F with the same redaction (1 page).

    H.  The redacted responses of Confidential Witness B to typewritten questions posed by the Investigator, undated (1 page). [The answers reveal the Witness's position at the company, the Witness's employment history, and whether/how the Witness knows the Plaintiff.]

    I.  Handwritten letter provided by Confidential Witness B to the Investigator, dated June 9, 2001 (1 page). [The letter from the Witness to the respondent-employer addresses employment matters of the Witness.]

I certify that, under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this _11th_ day of August, 2004.

Stephanie D. Garner
Assistant Legal Counsel/FOIA
Office of Legal Counsel
U.S. Equal Employment Opportunity Commission

9



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio District Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
(210) 281-7600
TTY (210) 281-7610
FAX (210) 281-7669

Mark A. Sanchez
Gale Wilson & Sanchez
115 E. Travis
Suite 618
San Antonio, Texas 78205

RE:  Freedom of Information Act (FOIA) Request
     Robert D Martinez vs. BOHLS BEARING SERVICE
     Charge No. 360-2003-04259
     Request No. A4-03-FOIA-191-SA

Dear Mr. Sanchez:

[X] You are the Charging Party/Charging Party's Representative.
    [✓]  The EEOC completed its processing of the above cited
    investigative file on ___12-5-03___.
    [ ]  The Charging Party has filed a lawsuit.

[ ] You are the Respondent/Respondent's Representative.
    [ ]  The EEOC completed its processing of the above cited
    investigative file on _____.
    [ ]  The Charging Party has filed a lawsuit.

[ ] You are neither Charging Party/Charging Party's Representative,
    nor are you Respondent/Respondent's Representative.

[ ] Your request was sent improperly to this office and has been
    forwarded to the Regional Attorney for the _____
    District Office of the EEOC for response.  Your request will not
    be deemed received by the Commission until received by the
    appropriate Regional Attorney.  29 C.F.R. Section 1610.7(d).

[ ] Your request is neither granted nor denied because:  [ ] your
    request does not reasonably describe the records you wish
    disclosed or [ ]  no records fitting the description of the
    records you seek disclosed could be located after a thorough
    search or [ ] the records were destroyed in the normal course of
    business on _____.

[ ] Processing of the request cannot proceed unless we receive a
    copy of the court complaint for our review.  Please make sure
    the copy clearly reflects the cause number of the case and the
    date it was filed with the court.

[ ] Your request is granted.



EXHIBIT
D-1 (SJ)

[  ] Your request is denied pursuant to the subsection(s) of the Freedom of Information Act (FOIA), 5 U.S.C. Section 552(b), indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

[ ]  (2)                                    [ ]  (5)
[ ]  (3)                                    [ ]  (6)
  [ ]  Sections 706(b) and 709(e)           [ ]  (7)(A)
       of Title VII                         [ ]  (7)(C)
  [ ]  Section 709(e) of Title VII          [ ]  (7)(D)
  [ ]  5 USCA Sec. 574(j)                   [ ]  (7)(F)
[ ]  (4)

[X] Your request is granted in part and denied in part.  Portions not released are being withheld pursuant to the subsection(s) of the FOIA indicated below.  An attachment to this letter explains the use of these exemptions from the FOIA in more detail.

[ ]  (2)                                    [X]  (5)
[ ]  (3)                                    [ ]  (6)
  [ ]  Sections 706(b) and 709(e)           [ ]  (7)(A)
       of Title VII                         [ ]  (7)(C)
  [ ]  Section 709(e) of Title VII          [ ]  (7)(D)
  [ ]  5 USCA Sec. 574(j)                   [ ]  (7)(F)
[ ]  (4)

[X] You may appeal the denial or partial denial of your request by writing within thirty (30) days of receipt of this letter  to Assistant Legal Counsel/FOIA Programs, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, D.C.  20507.  You must include a copy of the Regional Attorney's determination with your appeal. Your appeal will be governed by 29 C.F.R. § 1610.11.

We estimate the requested file to be __2 3/8__ inch(es) of documents.  We further estimate this file to contain __465__ pages.  To determine the number of pages in the file, we use the scale that one half (1/2) inch of documents equals 100 pages.  The total cost for researching, reviewing and copying the file is approximately  $ __56.25__ (photocopying is billed at $.15 per page, professional search and review time is billed at a rate of $17.00 per hour and clerical search and review time at $7.00 per hour).  The approximate fee has been computed as __465-100 = 365__ pages of photocopying, ____ hours of clerical search time and ____ hours of professional search time.  We will advise you of the exact cost for the file copy at a later date.  *Please do not submit any payment at this time*.  We can offer the following options to obtain the file:

1.  Allow us to make the copies of the file. We hope to make the file copy in the next 10 to 15 workdays after you give your approval for our office to make the file copy. We will advise you in a separate letter if there is any cost in coping the file.

2.  In an expedited process, we will send the file to a copying contractor. The contractor will make the copies and bill you directly. We will send the file to a contractor in one or two workdays after you give your approval to use an expedited process. Under the expedited process you will not receive any free pages. The contractor will charge you at their rate per page from page one.

3.  The file will be made available for your review at the San Antonio District Office. Please call Servando A. Pena, Paralegal Specialist, at 210-281-7639 between the hours of 9:00 A.M. and 4:00 P.M. to make arrangements to review the file.

[ ] *Please note that the file you requested is at least two and one half inches thick, approximately 500 pages or it is the party's second request. Requesting this file, it is more cost effective to have the file copied by the contractor. Our contractor charges $.12 per page starting with page one. At 500 pages both EEOC's and the contractor's fees are equal and the contractor's fees are less than those of EEOC if the file is larger than two and one half inches thick or approximately 500 pages. If this is the requester's second request, you can only obtain a file copy under the expedited process. If you wish to withdraw your FOIA request, please advise us in writing within two workdays after receiving this letter. You may fax your withdrawal to the above fax number.*

[✓] *Please make a selection of one of the options on the enclosed option sheet attached to this letter. After printing your name, marking your choice of options and signing the form, mail or fax (use the above fax number) the option form to EEOC. If there is any cost, we will advise you at a later date.*

[ ] In addition, the file also contain(s) ( )audio cassette(s) labeled as _____ that will be made available upon request. You can request a review of the cassette(s) at our office. You can also request a copy(s) of the cassette(s) at your expense or a transcript of the cassette(s) at your expense.

[  ] You have also made your request for records pursuant to the Privacy Act.  Your request is exempt from the disclosure provisions of the Privacy Act.  29 C.F.R. Section 1611.13. The Commission has provided other means for access to charge files.  These other means are the FOIA and Section 83 of the EEOC Compliance Manual.  Therefore, with respect to a request such as this one, it is EEOC policy that the request be treated as one for the access to records under the Freedom of Information Act, 5 U.S.C. Section 552.

[  ] See the attached comments page for further information.

If you have any additional questions in reference to the above cited FOIA, please direct them to the attention of Servando A. Pena, Paralegal Specialist at 210-281-7601.

                          Sincerely,

_1-29-04_                 _Robert B Harwin_
    Date                  Robert B. Harwin
                          Regional Attorney

**EXEMPTION 5**

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Hinckley v. United States*, 140 F.3d 277 (D.C. Cir. 1998); *Mace v. EEOC*, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." *Missouri ex. rel. Shorr v. United States Corps of Eng'rs.*, 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994). *See also, Greyson v. McKenna & Cuneo and EEOC*, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. *A. Michael's Piano, Inc. v. Federal Trade Commission*, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. *See Mapother, Nevas, et al. v. Dept of Justice*, 3 F.3d 1533 (D.C. Cir. 1993).

INFORMATION WITHHELD PURSUANT TO THE FIFTH EXEMPTION FROM THE FOIA:

|  | | PAGES |
|---|---|---|
| 1. | Case log entry (pages 1) containing deliberative instructions with regard to processing the charge (1st entry). | 1 |
| 2. | Investigative Memorandum containing analysis of the evidence relating to the charge and the recommended disposition of the charge. | 1 |

**EXEMPTION 7(C)**

Exemption 7(C) to the Freedom of Information Act (FOIA), 5 U.S.C.
§ 552(b)(7)(C) (1982), authorizes the Commission to withhold:

> records or information compiled for law
> enforcement purposes, but only to the extent
> that the production of such law enforcement
> records or information . . . (C) could
> reasonably be expected to constitute an
> unwarranted invasion of personal privacy ....

The seventh exemption applies to civil and criminal investigations
conducted by regulatory agencies. *Abraham & Rose, P.L.C. v. United
States*, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements
and identities of witnesses and subjects of an investigation
creates the potential for witness intimidation that could deter
their cooperation. *National Labor Relations Board v. Robbins Tire
and Rubber Co.*, 437 U.S. 214, 239 (1978); *Manna v. United States
Dept. of Justice*, 51 F. 3d 1158,1164 (3d Cir. 1995). Disclosure of
identities of employee-witnesses could cause "problems at their
jobs and with their livelihoods." *L&C Marine Transport, Ltd. v.
United States*, 740 F.2d 919, 923 (11th Cir. 1984).

The Supreme Court has explained that only "[o]fficial
information that sheds light on an agency's performance of its
statutory duties" merits disclosure under FOIA, and noted that
"disclosure of information about private citizens that is
accumulated in various governmental files" would "reveal little or
nothing about an agency's own conduct." *United States Dep't of
Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749,
773 (1989).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(C) FROM THE FOIA:

                                                            PAGES

1.   Confidential witness(es) and statement(s)              *15*

FOIA EXEMPTION (7)(D)

Exemption 7(D) from the Freedom of Information Act, 5 U.S.C. Section 552(b)(7)(D), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source, . . .

Courts have recognized that the first clause of exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, see Cuccaro v. Secretary of Labor, 770 F.2d 355, 359-60 (3d Cir. 1985), but also all information which would "tend to reveal" the source's identity. Pollard v. F.B.I., 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6291. An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. See, e.g., United Technologies Corp. v. N.L.R.B., 777 F.2d 90, 93-94 (2d Cir. 1985).

INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(D) FROM THE FOIA:

                                                        PAGES

Confidential witness(es) and statement(s)                15


Total withheld pages from both exemptions 7(C) and (D) are 15 pages

# GALE, WILSON & SÁNCHEZ

A PROFESSIONAL LIMITED LIABILITY COMPANY

ATTORNEYS AT LAW

February 2, 2004

Assistant Legal Counsel/FOIA Programs
Office of Legal Counsel
United States Equal Employment Opportunity Commission
1801 L Street NW
Washington, D.C. 20507

Re:  Martinez v. Bohls Bearing Service
     Charge No. 360-2003-04259
     Request No. A4-03-FOIA-191-SA
     **Appeal**

Dear Sir or Madam:

Please accept this correspondence as my office's appeal of the San Antonio District Office's partial denial of a request for public information submitted pursuant to the Freedom of Information Act (hereinafter "FOIA") in the above-referenced Charge of Discrimination. I have taken the liberty of enclosing the District Office's correspondence partially denying the request, attached as Exhibit "1."

By way of background, I submitted a request for public information to the District Office on or about December 10, 2003, a copy of which is attached as Exhibit "2." The District Office provided the Charging Party's file and withheld certain documents under the "deliberative process," "invasion of personal privacy" and "confidential source" exemptions to FOIA.

My office seeks production of the fifteen pages withheld pursuant to the "invasion of personal privacy" and "confidential source" exemptions to FOIA raised by the District Office in reference to confidential witnesses and statements. See 5 U.S.C. §§ 552(b)(7)(C) & (D). My office does not seek production of documents withheld pursuant to the "deliberative process" exemption to FOIA.

Courts have long recognized that informants provide necessary assistance to the government and are a "vital part of society's defensive arsenal." McCray v. Illinois, 386 U.S. 300, 307, 87 S. Ct. 1056, 1060, 18 L. Ed. 2d 62 (1967). The informant's privilege of anonymity, however, is not without limitation and must be balanced with and cannot override a party's right to due process. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 627-28, 1 L. Ed. 2d 639 (1957). Based upon these principles, I submit that my office is entitled to the requested document and I request that your office direct the District Office to disclose it.

In the alternative, I request that your office direct the District Office to disclose the fifteen pages with the identity of the individuals redacted or deleted. While the alleged informer's identity may be theoretically confidential, the contents of the informer's statement are not.





Assistant Legal Counsel/FOIA Programs
February 2, 2004
Page Two

If you require additional information, please do not hesitate to contact me.  With kindest regards,
I remain

Very Truly Yours,

MARK ANTHONY SÁNCHEZ, ESQ.

MAS/le
Enclosures
*VIA* CM-RRR:7002-0860-0007-1949-8809

cc:   Mr. Robert D. Martinez
      326 Fair Avenue
      San Antonio, Texas 78233
      (w/out copy of enclosures)

      Robert B. Harwin, Esq.
      Regional Attorney
      United State Equal Employment Opportunity Commission
      San Antonio District Office
      5410 Fredericksburg Road, Suite 200
      San Antonio, Texas 78229-3555
      (w/copy of enclosures)



Office of
Legal Counsel

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON, D.C. 20507**

MAR 1 6 2004

Mr. Mark Anthony Sánchez, Esq.
Gale, Wilson & Sánchez
115 East Travis, Suite 618
San Antonio, Texas   78205

**Re: FOIA No. A4-03-FOIA-191-SA**

Dear Mr. Sánchez:

Your appeal under the Freedom of Information Act (FOIA) has been processed.  The paragraph(s)
checked below apply:

[ ]   Your appeal is granted.

[ ]   Your appeal is denied for the reasons given in the initial denial of your request.

[ ]   Your appeal is denied pursuant to the subsections of the FOIA indicated at the end of this
      letter.  An attachment to this letter explains the use of these exemptions in more detail.

[X]   Your appeal is granted in part and denied in part.  Those records not released are being
      withheld:

      [ ]   For the reasons given in the initial denial of your request.

      [ ]   Pursuant to the subsections of the FOIA indicated at the end of this letter.  An
            attachment to this letter explains the use of these exemptions in more detail.

[ ]   You must send a check for $ _____ made payable to the United States Treasurer to the
      above address.  We have billed you for ____ hours of professional search time at a rate of
      $17.00 per hour, ____ hours of clerical search time at $7.00 per hour, and photocopying of
      ____ pages at $.15 per page.  29 C.F.R. § 1610.15.  Address your correspondence to the
      attention of _____.

[ ]   The records disclosed on appeal are enclosed.  No fee is charged because the cost of
      collecting and processing the chargeable fee equals or exceeds the amount of the fee.  29
      C.F.R. § 1610.15(d).

PENGAD-Bayonne, N. J.
EXHIBIT
D-3 (5)

MAR 2 2 2004

[ ]     The records disclosed on appeal are enclosed.  Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[ ]     You should contact the Regional Attorney who responded to your request to obtain the documents disclosed on appeal.  The Regional Attorney will determine whether fees will be assessed.

[X]    If you are dissatisfied with this decision, you may file a civil action in the United States district court in the district where you reside or have your principal place of business, where the agency records are situated, or in the District of Columbia.

[X]    See the attached Comments page for further information.

                                        Sincerely,

                                        Stephanie D. Garner
                                        Assistant Legal Counsel/FOIA


Applicable Sections of the Freedom of Information Act,
5 U.S.C. § 552(b):

[ ] (2)                                 [ ] (6)
[ ] (3)                                 [ ] (7)(A)
  [ ] Section 706(b) of Title VII       [ ] (7)(C)
  [ ] Section 709(e) of Title VII       [X] (7)(D)
[ ] (4)                                 [ ] other (see attached)
[ ] (5)


cc:    Robert B. Harwin, Regional Attorney
       San Antonio District Office


                                        2

FOIA No. A4-03-FOIA-191-SA

## ATTACHMENT

Exemption 7(D)

Exemption 7(D) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(D) (1982), authorizes the Commission to withhold:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information . . . (D)
> could reasonably be expected to disclose the identity of a confidential source . . . .

Courts have recognized that the first clause of Exemption 7(D) safeguards not only such obviously identifying information as informants' names and addresses, *see Cuccaro v. Secretary of Labor,* 770 F.2d 355, 359-60 (3d Cir. 1985), but also information which would "tend to reveal" the source's identity, *Pollard v. F.B.I.,* 705 F.2d 1151, 1155 (9th Cir. 1983).

A source is considered "confidential" under Exemption 7(D) if he or she provides information "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." S. Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6267, 6291. An implicit promise of confidentiality may be discerned from the circumstances surrounding civil investigations. *See, e.g., United Technologies Corp. v. N.L.R.B.,* 777 F.2d 90, 93-94 (2d Cir. 1985).

## DOCUMENTS AND INFORMATION WITHHELD PURSUANT TO EXEMPTION 7(D) TO THE FOIA:

1.  Investigator's handwritten notes of interview with Confidential Witness A, undated, one (1) page.
2.  Handwritten confidential statement of Witness A, dated October 29, 2003, three (3) pages.
3.  Typewritten letter from EEOC Investigator to Confidential Witness A, dated October 15, 2003, one (1) page.
4.  Investigator's handwritten notes of interview with Confidential Witness B, undated, one (1) page.
5.  Handwritten confidential statement of Witness B, dated October 21, 2003, three (3) pages.
6.  Typewritten letter from EEOC Investigator to Confidential Witness B, dated October 15, 2003, one (1) page.
7.  Copy of item #6, above, one (1) page.
8.  Typewritten questions posed by the EEOC investigator to Confidential Witness B with Witness B's handwritten responses, undated, one (1) page.
9.  Handwritten documentation provided by Confidential Witness B to EEOC Investigator, date withheld, one (1) page.

FOIA No. A4-03-FOIA-191-SA

DOCUMENTS RELEASED ON APPEAL

1. Copy of envelope addressed to EEOC investigator, postmarked October 21, 2003, one (1) page.
2. Copy of envelope addressed to EEOC investigatory, postmarked October 22, 2003, one (1) page.

FOIA No. A4-03-FOIA-191-SA

## COMMENTS

In the matter before us, employees of respondent with information relevant to the charge agreed to disclose that information to EEOC on condition that EEOC promise to safeguard their identities and the information they provided. EEOC agreed to do so. Courts have recognized that a strong Exemption 7(D) is necessary to ensure that "confidential sources are not lost through retaliation against the sources for past disclosure or because of the sources' fear of future disclosure." *Brant Constr. Co. v. EPA*, 778 F.2d 1258, 1262 (7th Cir. 1985). *See also Ortiz v. HHS*, 70 F.3d 729, 732 (2d Cir. 1995) ("Exemption 7(D) is meant to . . . protect confidential sources from retaliation that may result from the disclosure of their participation in law enforcement activities"), *cert. denied*, 116 S. Ct. 1422 (1996); *McDonnell v. United States*, 4 F.3d 1227, 1258 (3d Cir. 1993) ("goal of Exemption 7(D) [is] to protect the ability of law enforcement agencies to obtain the cooperation of persons having relevant information and who expect a degree of confidentiality in return for their cooperation").

The witnesses whose identity and statements you seek unequivocally were promised confidentiality. As a result, neither the witnesses' identities nor their statements or other identifying information, such as the Investigator's letters to the witnesses, must be disclosed. *See, e.g., Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (finding information provided under express assurances of confidentiality exempt from disclosure). Consequently, where, as here, sources have been promised confidentiality, "Exemption 7(D) does not require the Government to justify its decision to withhold information against the competing claim that the public interest weighs in favor of disclosure." *Nadler v. United States Dep't of Justice*, 955 F.2d 1479, 1487 n.8 (11th Cir. 1992).

b-23-04   05:41pm   From-EEOC SAN ANTONIO DISTRICT OFFICE   2102617606   T-552   P 008/018   F-671

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG ROAD - SUITE 200
SAN ANTONIO TX 78229-3555

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

AN EQUAL OPPORTUNITY EMPLOYER

BUSINESS REPLY MAIL
FIRST-CLASS MAIL  PERMIT NO 12857  WASHINGTON DC

POSTAGE WILL BE PAID BY US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG RD  STE 200
SAN ANTONIO TX 78229-9934

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

Feb-23-04   05:43pm   From-EEOC SAN ANTONIO DISTRICT OFFICE        2102617606           T-552   P 017/018   F-671

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG ROAD – SUITE 200
SAN ANTONIO TX 78229-3655

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

AN EQUAL OPPORTUNITY EMPLOYER

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL   PERMIT NO 12857   WASHINGTON DC

POSTAGE WILL BE PAID BY US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO DISTRICT OFFICE
5410 FREDERICKSBURG RD   STE 200
SAN ANTONIO TX 78229-9934



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES