RECEIVED
SEP 3 0 2004

FILED
OCT - 4 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR.          §
            Plaintiff,           §
                                 §
                                 §
                                 §
vs.                              §     CIVIL ACTION NO. SA-04-CA-0391-XR
                                 §
                                 §
                                 §
EQUAL EMPLOYMENT                 §
OPPORTUNITY COMMISSION,          §
            Defendant.           §

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
## RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF ROBERT D. MARTINEZ, JR., by and through his undersigned attorneys of record, and, in accordance with FED. R. CIV. P. 56, files this, his Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment. Plaintiff respectfully requests that the Court declare that, as a matter of law, Defendant must make full disclosure under the Freedom of Information Act (hereinafter "FOIA") or, alternatively, that genuine issues of material fact exist that require further fact finding. For cause of action, Plaintiff would show unto the Court the following:

## I.
## STATEMENT OF FACTS

A.     Plaintiff Filed a Charge of Discrimination with the EEOC

On or about July 18, 2003, Plaintiff filed a Charge of Discrimination (hereinafter "Charge") against his employer, Bohl's Bearing Equipment Company (hereinafter "Bohl's"), with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), case

number 360-2003-04259.[1]  Plaintiff asserted that Bohl's maintained a racially hostile work environment and denied a protected class, Mexican-Americans, employment, promotions and other employment opportunities in retaliation for opposition to unlawful employment practices and because they are Mexican-American.[2]

After conducting an extensive investigation into Bohl's employment practices, the EEOC terminated the investigation and issued Plaintiff a Notice of Right to Sue (hereinafter "Notice") on or about December 5, 2003.[3]  The Notice allowed Plaintiff to file suit against Bohl's.[4]

B.    Plaintiff Makes a Request Under the Freedom of Information Act

On December 10, 2003, Plaintiff submitted a written request under FOIA for "the Equal Employment Opportunity Commission's (hereinafter "Commission") entire investigative file compiled during the Commission's investigation into the Charging Party's Notice of Charge of Discrimination."[5]  The EEOC responded to Plaintiff's FOIA request on January 29, 2004, indicating that it would produce approximately 465 pages of public information that Plaintiff sought, but that it would also withhold 17 pages based upon FOIA exemptions, including the "personal privacy" privilege and the "informer's privilege."[6]

C.    Plaintiff Files an Appeal of EEOC's Decision to Suppress a Witness Statement

Dissatisfied with the EEOC's decision to withhold what appeared to be important witness statements and documents, Plaintiff submitted a timely written appeal to the EEOC's Office of Legal Counsel on February 2, 2004.[7]  In his appeal, Plaintiff specifically sought disclosure of

---

[1] See Exhibit P-1, Plaintiff's Charge of Discrimination.
[2] See Exhibit P-1, Plaintiff's Charge of Discrimination.
[3] See Exhibit P-2, Notice of Right to Sue.
[4] See Exhibit P-2, Notice of Right to Sue.
[5] See Exhibit P-3, Plaintiff's FOIA request to EEOC, dated December 10, 2003.
[6] See Exhibit P-4, EEOC's Response to Plaintiff's FOIA request, dated January 29, 2004.
[7] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.

the 15 pages of witness statements withheld by EEOC based upon the "personal privacy" privilege and the "informer's privilege."[8]  Plaintiff argued for full disclosure of the witness statements because the value of fully disclosing information about possible violations of the United States Constitution and federal law overrode a request for anonymity:

> The informant's privilege of anonymity, however, is not without limitation and must be balanced with and cannot override a party's right to due process. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 627-28, 1 L. Ed. 2d 639 (1957). Based upon these principles, I submit that my office is entitled to the requested document and I request that your office direct the District Office to disclose it.[9]

Plaintiff alternatively requested a partial or redacted disclosure:

> In the alternative, I request that your office direct the District Office to disclose the fifteen pages with the identity of the individual redacted or deleted.  While the alleged informer's identity may be theoretically confidential, the contents of the informer's statement are not.[10]

On or about March 16, 2004, the EEOC's Office of Legal Counsel partially granted and partially denied Plaintiff's FOIA appeal and released copies of two envelopes, but nothing else.[11]

D.   Plaintiff Filed a Writ of Mandamus Against the EEOC

Contemporaneous to his pursuit of the confidential witness statements withheld by the EEOC, Plaintiff filed a civil suit against Bohl's in federal court styled Martinez v. Bohl's Bearing Equipment Company and Bohl's Bearing Service Company, Civil Action No. SA-04-CA-0120-XR, currently pending before this Honorable Court.  Plaintiff moved expeditiously to protect his rights under FOIA and to diligently prosecute his claim against Bohl's by filing the instant Writ of Mandamus against the EEOC on May 5, 2004, seeking disclosure of the confidential witness statements, attorney's fees, and any other relief to which he is justly entitled.

---

[8] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.

[9] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.

[10] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.

[11] See Exhibit P-6, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.

E.    EEOC Abruptly Released a Sanitized Version of the Witness Statements

In late June and early July of 2004, Plaintiff perfected service of summons on the EEOC, the United States Attorney General, and the United States Attorney's Office.  On or about July 14, 2004, the EEOC filed its Original Answer with the Court.  On July 14, 2004, the EEOC also, without explanation, *released* redacted versions of some confidential witness documents to Plaintiff as attachments to its Original Answer. [12]

The newly released confidential witness documents revealed that the EEOC investigator assigned to investigate Plaintiff's Charge of Discrimination, Barbara Hoffman (hereinafter "Hoffman"), corresponded with two witnesses, one of whom returned a questionnaire provided by the EEOC.[13]  All of the responses provided by the witness are redacted. [14]

In support of its Motion for Summary Judgment, the EEOC provided the Declaration of Hoffman.[15]  Hoffman states that she communicated with two confidential witnesses and "assured both of them that their identities would remain confidential." [16]  However, Hoffman merely states that, "At the time of my communications with 'Confidential Witness A' and 'Confidential Witness B,' I assured both of them that their identities would remain confidential."[17] Hoffman never memorialized her "confidentiality" agreement. [18]

By and through his Motion for Summary Judgment, Plaintiff seeks:

1.    release of an unadulterated copy of the confidential witness statements; or

2.    an *in camera* inspection of the confidential witness statements; and

---

[12] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.

[13] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.

[14] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.

[15] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

[16] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

[17] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

[18] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

3.    an award of attorney's fees and costs.

## II.
## SUMMARY JUDGMENT STANDARD

Plaintiff submits that the pleadings, correspondence, and affidavits attached hereto and incorporated by reference as if fully set forth herein establish that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56. Plaintiff, as the moving party, bears the initial burden of proving that no genuine issue of material fact exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1355, 89 L. Ed. 2d 538, 552-53 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273-74 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211 (1986).  Plaintiff fulfills his procedural burden by demonstrating an absence of evidence to support Defendant's position. Celotex Corp., 477 U.S. at 325.  See also Vega v. Parsley, 700 F. Supp. 879, 881 (W.D. Tex. 1988).  The Anderson Court stated that the movant need only demonstrate that the existing evidence does not "present a sufficient disagreement to require submission to a jury."  Anderson, 477 U.S. at 251-52.

Once Plaintiff has carried his burden, Defendant must oppose the Motion for Summary Judgment through the introduction of affidavits, depositions, answers to interrogatories, or admissions, documenting specific facts presenting a genuine issue for trial. Celotex Corp., 477 U.S. at 324.  See also Vega, 700 F. Supp. at 881.  Because a motion for summary judgment requires the Court to go beyond the pleadings and assess the proof to determine whether a claim is legitimate or that a genuine fact issue exists, factual specificity is required of the non-movant. Castillo v. Bowles, 687 F. Supp. 277, 280 (N.D. Tex. 1988). Thus, Defendant must adduce affirmative evidence that creates a fact issue concerning the existence of every component of

Defendant's case. Anderson, 477 U.S. at 257; accord Fields v. Hallsville Indep. Sch. Dist., 906

F.2d 1017, 1019 (5th Cir. 1990), cert. denied, U.S. 498 U.S. 1026, 111 S. Ct. 676, 112 L. Ed. 2d

668 (1991); Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869, 872 (5th Cir. 1991); Harris v.

Am. Red Cross, 752 F. Supp. 737, 739 (W.D. Tex. 1990).

Mere regurgitation of allegations contained in pleadings, presentation of abstract legal

theories, or argument alone is insufficient to fulfill Defendant's burden in responding to a

properly tendered motion for summary judgment. Pennington v. Vistron Corp., 876 F.2d 414,

426 (5th Cir. 1989).   See also Solo Serve Corp. v. Westowne Assoc., 929 F.2d 160, 164 (5th Cir.

1991). Courts require evidence carrying significant probative value - evidence that is merely

colorable, insignificant, or amounts to a scintilla is insufficient to overcome a properly

substantiated motion for summary judgment. Anderson, 477 U .S. at 249-51; accord Fine v. Am.

Solar King Corp., 919 F.2d 290, 298 (5th Cir. 1990); Vega, 700 F. Supp. at 881.  If Defendant

fails to establish facts in support of an essential element of its *prima facie* claim, summary

judgment is appropriate. Celotex, 477 U.S. at 322-23.

## II.
## ARGUMENT & AUTHORITIES

A.   The General Purpose of the FOIA

FOIA requires that each federal agency, including the EEOC, make information available

to the public for inspection and copying.  See 5 U.S.C. § 552, *et. seq.* (2004).  The general

purpose behind FOIA encourages full agency disclosure of information to the public.  See Dep't

of the Air Force v. Rose, 425 U.S. 352, 360, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976) (FOIA

designed to "pierce the veil of administrative secrecy and to open agency action to the light of

public scrutiny.").

6

In furtherance of this purpose, Courts have adopted a strong presumption in favor of disclosure.  United States Dep't of State v. Ray, 502 U.S. 164, 173 (1991).  Taking this presumption a step further, Courts have placed the burden resisting disclosure of public information squarely on the shoulders of the agency the subject of the request.  See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 109 S. Ct. 1468, 103 L. Ed. 2d 774.  Plaintiff submits that, in the case at bar, the EEOC bears the burden of proving entitlement to any alleged exemption.

B.      EEOC Alleges the Witness Statements are Exempt From Disclosure

FOIA does, however, identify nine categories of information statutorily exempt from disclosure:  national security information, internal agency rules, information exempted by other statutes, trade secrets, agency memoranda, privacy, law enforcement records, records of financial institutions, and geological and geophysical well data.  5 U.S.C. § 552(b) (2004).  With respect to the dispute at bar, the EEOC claimed only one statutory exemption:  the "law enforcement" records exemption applicable to confidential informants.  5 U.S.C. § 552(b)(7)(D) ("[FOIA] does not apply to matters that . . . could reasonably be expected to disclose the identity of a confidential source . . .").

As elaborated fully below, the confidential witnesses at issue herein were clearly not questioned by the EEOC in relation to a criminal investigation.  As such, the EEOC cannot establish the elements of this privilege.

C.      EEOC Fails to Establish Elements of Confidential Informer Privilege

The Fifth Circuit has held that the EEOC bears the burden of showing that it compiled records for a law enforcement purpose thereby establishing its entitlement to the claimed exemption.  See Avondale Indus., Inc. v. NLRB, 90 F.3d 955, 962 (5th Cir. 1996) ([T]he

Government has the burden of proving the existence of such a compilation for such a purpose."). The statute, however, distinguishes between the *identity* of the source and the information *imparted* by the source. See 5 U.S.C. § 552(b)(7)(D) (agency may withhold information "only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to disclose the identity of a confidential source . . ."); see also United States Dep't of Justice v. Landano, 508 U.S. 165, 172, 113, S. Ct. 2014, 124 L. Ed. 2d 84 (1993).

With respect to application of the informer's privilege, the Fifth Circuit reviews decisions to withhold or disclose an informant's identity for abuse of discretion. United States v. Orozco, 982 F.2d 152, 155 (5th Cir. 1993); United States v. Evans, 941 F.2d 267, 272 (5th Cir. 1991). Plaintiff submits, and the EEOC does not contradict, that the alleged informer did not reveal information as part of a criminal investigation, but a civil investigation conducted by the EEOC into a charge of national origin discrimination and retaliation.[19] See Cooper Cameron Corp. v. United States Dep't of Labor, OSHA, 280 F.3d 539, 550 (5th Cir. 2002). As with all assertions of privilege, the burden is on the party resisting discovery to prove the privilege applies. United States v. Rodriguez, 948 F.2d 914, 916 (5th Cir. 1991).

In civil litigation, the informer's privilege is not an absolute privilege, but a qualified privilege subject to waiver. Hodgson v. Charles Martin Inspectors of Petroleum, Inc., 459 F.2d 303, 305 (5th Cir. 1972) ("The law is clearly established that the privilege asserted here is a qualified one, not absolute . . ."); see also Wirtz v. Continental Fin. & Loans Co. of West, 326 F.2d 561, 563 (5th Cir. 1964). The informant's privilege of anonymity, however, is not without limitation and must be balanced with and cannot override a party's right to due process. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S. Ct. 623, 627-28, 1 L. Ed. 2d 639 (1957).

---

[19] See Exhibit P-1, Plaintiff's Charge of Discrimination.

The Supreme Court recognized that the Government's right to keep the identities of informants privileged should yield, under certain circumstances, to a party's due process rights. See Id. at 60.   According to these principles, Plaintiff submits that any alleged informer's privilege must yield to his right of access to the court system and due process right to a fair disposition of the evidence.

Courts have defined an "informer" as an undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of that law.  See Id. at 59.  Persons who merely supply information after being interviewed by law enforcement personnel, who give information as witnesses during the course of an investigation, or who are participants in the offense the subject of the investigation are not informers.  Gordon v. United States, 438 F.2d 858, 875-76 (5th Cir. 1971); Miller v. United States, 273 F.2d 279, 281 (5th Cir. 1959).  Plaintiff submits that the individuals who supplied the information to the EEOC were not "informers," but persons who merely supplied information during the course of an investigation.

1.   *The EEOC Offered a Defective Declaration in Support of Confidentiality*

In the instant case, the EEOC makes only one argument in favor of confidentiality: that it expressly granted confidentiality to two witnesses, "Confidential Witness A" and "Confidential Witness B," who provided information forming the basis of the statement.[20]  The EEOC offered the Declaration of Barbara Hoffman in support of its claim.[21]

Hoffman's Declaration is defective for two primary reasons:  her testimony is conclusory and it fails to lay a foundation for the EEOC's alleged exemption.  First, Hoffman states that she

---

[20]  See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.
[21]  See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

"assured both of them that their identities would remain confidential."[22]  She fails to identify the date she made the offers of confidentiality to the two witnesses and fails to establish if these interviews were conducted in person or over the telephone.[23]

Second, Hoffman does not offer any testimony that the offer of confidentiality was ever memorialized.[24]  A written memorialization of the assurance of confidentiality to the witness is required.  See Cooper Cameron Corp. v. United States Dep't of Labor, OSHA, 280 F.3d 539, 550-51 (5th Cir. 2002) (holding that "At the very least the government must indicate where these assurances of confidentiality are memorialized").  Hoffman's Declaration, as well as the accompanying Declaration of Stephanie D. Garner (hereinafter "Garner"), fails to unequivocally inform the Court that the EEOC's alleged offer of confidentiality was ever reduced to a writing of any kind.[25]

The Fifth Circuit has rejected the kind of incomplete, speculative, and conclusory Declaration offered by the EEOC in support of its alleged FOIA exemption.  See Cooper Cameron, 280 F.3d at 543 (affidavit offered in support of FOIA exemption "will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping" and district court "should not grant summary judgment on 'conclusory' or generalized' assertion).  The Cooper Cameron Court refused to accept the very same kind of inchoate explanation offered by the EEOC.  Id. at 551.

In a remarkably similar fact pattern, the Department of Labor (hereinafter "DOL") tendered an inadequate Declaration that is quite similar to the Hoffman Declaration offered by the EEOC.  The DOL Declaration concluded, in part, "[T]he government has expressly assured

---

[22] See Exhibit P-8 Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.
[23] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.
[24] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.
[25] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment; Exhibit P-9, Declaration of Stephanie D. Garner in support of EEOC's Motion for Summary Judgment.

the statement-givers that their identities would be held in confidence with respect to what they told the agency." Id. at 550, n.53.  Similarly, Hoffman claims that she "assured both of them that their identities would remain confidential."[26]

The Cooper Cameron Court described the nearly identical DOL Declaration as a "bald conclusion" vitiated by later passages that stated, "There is no reason to believe this case was any exception."  Id., n.55.  The DOL Declaration asked the Court to infer confidentiality because, in the vernacular, "that's what we always do."  The Court rejected the DOL's contention that it made global standing offers of confidentiality and bluntly declared, "[DOL] may have given explicit assurances of confidentiality, but [DOL] has not proven this."  Id. at 551.  Plaintiff submits that, for the same reasons articulated in Cooper Cameron, the Hoffman Declaration is defective and cannot carry the EEOC's burden of proving the explicit existence of the informer's exemption.

     2. *Alternatively, the Court Should Review the Statement In Camera*

FOIA authorizes the Court to examine the contested witness statement *in camera.*  5 U.S.C. § 552(a)(4)(B) ("In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions . . .").  Plaintiff respectfully requests that the Court exercise its plenary power to review the witness statements and documents *in camera* in furtherance of its evaluation of the EEOC's allegations of exemption.

D. The EEOC Engaged in Bad Faith

Plaintiff previously noted to the Court that he filed a timely written appeal of the EEOC's decision to withhold the witness statements and documents with the EEOC's Office of Legal

---

[26] See Exhibit P-8, Declaration of Barbara J. Hoffman in support of EEOC's Motion for Summary Judgment.

Counsel on February 2, 2004.[27]   In his appeal, Plaintiff specifically sought disclosure of the 15 pages of witness statements and documents withheld by the EEOC based upon the "personal privacy" privilege and the "informer's" privilege.[28]   Plaintiff alternatively sought redacted versions of the witness statements and documents.[29]

On or about March 16, 2004, the EEOC's Office of Legal Counsel partially denied and partially granted Plaintiff's FOIA appeal ultimately releasing only two pages that were copies of envelopes.[30]   The EEOC forced Plaintiff to seek judicial review of the decision to suppress disclosure of the witness statements and documents.[31] Id.; 29 C.F.R § 1610.11(c) (2004) ("person making the request may, if dissatisfied with the decision on appeal, file a civil action in the district in which the person resides . . ."). By and through Assistant Legal Counsel Garner, the Office of Legal Counsel denied and granted Plaintiffs appeal in part stating, "The EEOC granted Plaintiff's appeal in part by releasing two of the 15 pages which were the subject of the appeal."[32]

In that decision, the EEOC affirmed the decision of the Regional Attorney to withhold the 13 pages of witness statements, notes and documents, withholding the documents under only Exemption 7(d)."[33] The Office of Legal Counsel provided no further explanation for why it denied Plaintiff's appeal.[34]

On May 5, 2004, Plaintiff filed the instant Writ of Mandamus seeking judicial review of the EEOC's March 16, 2004, denial of his appeal and promptly served summons on the EEOC.

---

[27] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.
[28] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.
[29] See Exhibit P-5, Plaintiff's FOIA Appeal, dated February 2, 2004.
[30] See Exhibit P-6, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.
[31] See Exhibit P-7, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.
[32] See Exhibit P-6, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.
[33] See Exhibit P-6, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.
[34] See Exhibit P-6, EEOC Office of Legal Counsel's Partial Denial of Plaintiff's FOIA Appeal.

On or about July 14, 2004, the EEOC filed its Original Answer with the Court.[35] The EEOC also *released* at this time some of the confidential documents it had refused to release: redacted versions of correspondence sent to the confidential witnesses and a completed questionnaire by one of the confidential witnesses.[36]

The EEOC obviously backpedaled after receiving summons in the lawsuit and hurriedly released a supplemental response to Plaintiff. The EEOC offered absolutely no explanation for why it reversed course other than to now claim "mistake" without any attempt to offer new evidence or substitute legal authority as justification for the reversal.[37] Plaintiff contends that the only changed circumstance was that Plaintiff had now *sued* the EEOC, which forced it to substantially reverse its original decision to deny Plaintiff's appeal.

Because the EEOC has wholly failed to offer any explanation otherwise, Plaintiff submits that the EEOC made a hasty decision to suppress the evidence and relented only after Plaintiff filed suit. The EEOC's Answer supports this theory, wherein it states that the 4 pages released after Plaintiff was forced to file suit, "could have been produced with minimal redacting."[38] The EEOC's behavior (initially withholding 17 pages and then releasing a few documents by piecemeal), essentially neuters the administrative appeals process and leaves citizens sand-bagged by an almost impervious bureaucracy. While Plaintiff was fortunate enough to invoke his rights to judicial review, reasonable minds are left to wonder about the many citizens who, without the aid of an attorney, are not equipped to win a test of wills with the federal government over otherwise public information.[39]

---

[35] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4
[36] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.
[37] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.
[38] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.
[39] See Exhibit P-10, Affidavit of Plaintiff.

1.    *The Court Should Review the State In Camera*

Garner states that she redacted the witness statements because the information "could reasonably be expected to disclose the identities of the confidential witnesses."[40]  Suspiciously, the EEOC appears to have redacted not only the names and addresses of the witnesses, but every answer provided to the questions posed by the EEOC.[41]  Surely not every answer by this witness would reveal his or her identity.  Furthermore, Plaintiff still contends that the EEOC has failed to carry its burden of showing that it agreed to *express* confidentiality with the witness.

Notwithstanding the EEOC's position, Plaintiff submits that Garner has failed to make a case for redaction of any kind.  Her speculation about whether or not the information "could reasonably be expected to disclose the identities of confidential witnesses" is hardly the firm evidentiary foundation upon which the EEOC's alleged FOIA exemption can rest.

Garner's uncertainty begs Court intervention and further analysis to determine if, indeed, the information *could reasonably be expected* to do anything.  As Plaintiff noted previously, FOIA authorizes the Court to examine the contested witness statement *in camera*.  5 U.S.C. § 552(a)(4)(B) ("In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions . . .").  Plaintiff respectfully requests that the Court exercise its plenary power to review the witness statement *in camera* in furtherance of its evaluation of the EEOC's allegations of exemption.

E.    Plaintiff Is Entitled to Attorney's Fees and Costs of Court

FOIA provides that the Court may assess reasonable attorney's fees and court costs to a Plaintiff that has substantially prevailed against the government. 5 U.S.C. § 552(a)(4)(E) ("The

---

[40] See Exhibit P-9, Declaration of Stephanie D. Garner, p. 8, para. 9(a)-(i).
[41] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.

14

court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."). In considering this question, the Court first determines if the Plaintiff "substantially prevailed," and then applies a four-factor test: 1) the benefit to the public deriving from the case; 2) the commercial benefit to the complainant; 3) the nature of the complainant's interest in the records; and 4) whether the government's withholding of the records had a reasonable basis in law. See State of Texas v. I.C.C., 935 F.2d 728, 730 (5th Cir. 1991).

Plaintiff submits that he has "substantially prevailed" and respectfully requests that the Court award attorney's fees and court costs to him for prosecuting this action. If the Court deems that attorney's fees are appropriate, then Plaintiff requests the opportunity to submit a claim pursuant to Local Rule for the Western District of Texas CV-7(i).

       1.    *Plaintiff Substantially Prevailed*

First, the Court should conclude that Plaintiff "substantially prevailed" because he sought critical documents and obtained redacted copies of some of them, which is nearly total success. See generally Cazalas v. United States Dep't of Justice, 660 F.2d 612 (5th Cir. 1981); see also Wojtczak v. United States Dep't. of Justice, 548 F. Supp. 143 (E.D. Pa. 1982); Westinghouse Elec. Corp. v. NLRB, 497 F. Supp. 82 (W.D. Pa. 1980) (Plaintiff substantially prevailed where he obtained two of five documents; one document released to Plaintiff was a document with which Plaintiff was primarily concerned). Plaintiff obtained the redacted documents despite the fact that the EEOC refused to disclose *any* portion (other than self-addressed envelopes) or part of these witness statements and documents before finally releasing documents after Plaintiff filed suit.[42] See Lovell v. Alderete, 630 F.2d 428, 432 (5th Cir. 1980) (party "substantially prevails"

---

[42] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.

when he shows that institution of suit had substantive causative effect on government's decision to release information).

The EEOC cannot rely on its belated disclosure of the redacted witness documents to immunize itself from attorney's fees. [43]  Id. at 431 (mootness does not automatically preclude award of attorney's fees); Carter v. Veteran's Admin., 780 F.2d 1479 (9th Cir. 1986).  Plaintiff respectfully requests that the Court declare that he "substantially prevailed."

> 2. *Plaintiff Has Met the FOIA Discretionary Factors*

>> a. The Information Benefits the Public

Plaintiff submits that the information he sought and eventually obtained is a benefit to the public.  The public benefits from disclosure of information by the EEOC, whose purpose is to prevent discrimination.  Further, the public maintains an interest in monitoring the EEOC's enforcement of Title VII.

The public benefits from learning that the EEOC is withholding documents arbitrarily and capriciously, in violation of 5 U.S.C. § 552(a)(4)(F).  The purpose of § 552(a)(4) was to "enable average private citizens to litigate their rights under FOIA."  This purpose is all but lost if the EEOC is permitted to wrongfully withhold public information until a citizen files a lawsuit. See State of Tex. v. I.C.C., 935 F.2d at 731.

The EEOC's arbitrary behavior, unchecked by the public, leads to the very situation herein.[44]  Plaintiff, a minority who claims discrimination by his employer, is required by law to go to the EEOC prior to filing a lawsuit.  He trusted the EEOC to conduct a thorough investigation, only to learn that he is denied access to the fruits of the investigation that are

---

[43] See Exhibit P-7, Answer of Defendant, dated July 14, 2004, including Exhs. D-1 through D-4.
[44] See Exhibit P-10, Affidavit of Plaintiff.

necessary to prove a claim of discrimination.[45]   Only after he files a lawsuit is he permitted to review the documentation necessary to prevent the very discrimination this Federal Agency is entrusted with preventing.

The public has profound interest in information that could shed light on illegal discrimination.  While every FOIA requester acts to some degree for the benefit of the public, the public has an interest in the safeguard of civil rights contained in the United States Constitution. See Blue v. Bureau of Prisons, 570 F.2d 529, 533 (5th Cir. 1978).

This arbitrary disclosure of documents by the EEOC meets the public interest factor.  As such disclosure by the EEOC "adds to the fund of information that citizens may use in making vital political choices."   Id.   Finally, "the public has an interest in learning about the nature, scope, and results of the [EEOC's] investigation . . . ."   Cooper Cameron Corp., 280 F.3d at 549.

> b.      Plaintiff's "Commercial" Interest in the Information is Low

Plaintiff submits that his "commercial interest" in the FOIA request is low, and certainly not corporeal enough to disqualify him from receiving attorney's fees and court costs.  First, the filing of an administrative complaint with the EEOC is a jurisdictional prerequisite to a Title VII action.   Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995).  Further, Plaintiff was required to pursue and exhaust his administrative remedies prior to filing a judicial complaint.   Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir. 1980).

The primary purpose of an EEOC Charge is to provide notice of the Charge to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC. See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970) ("A charge of discrimination is *not* filed as a preliminary to a lawsuit.  On the contrary, the purpose of a charge

---

[45] See Exhibit P-10, Affidavit of Plaintiff.

of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC . . .").

Based upon the plain language of Sanchez, the EEOC cannot presume that Plaintiff's Charge

was, *ipso facto*, a preliminary to a lawsuit.

Plaintiff was *required* by Title VII to submit his complaint to the EEOC for processing

and investigation.   The EEOC's interests, along with Plaintiff's, were not "commercial," but

investigatory and conciliatory.   The present circumstance is notably different from other cases in

which courts uncovered a flagrant commercial interest.   See Hill Tower, Inc. v. Dep't of Navy,

718 F. Supp. 568, 572 (N.D. Tex. 1989) ("Hill Tower has submitted a Federal Tort Claim Act in

the amount of $8,285,387.01 . . . the Court is left with the distinct impression that Plaintiffs were

attempting to perform civil discovery prior to filing of a lawsuit.").

Because Plaintiff filed his Charge of Discrimination with the hope of voluntarily

resolving his concerns without the need for court action, he did not possess the kind of

"commercial interest" that would generally disqualify a prevailing party from access to

attorney's fees and court costs.[46]   Plaintiff requests that the Court find for him on this factor.

c.   Plaintiff's Interest in the Information is Primarily Equitable

When Plaintiff filed his Charge of Discrimination, he specifically noted,

"Mr. Louis Bohls (owner and operator) subjected me as well as my fellow
Hispanic co-workers to racial slurs on a daily basis.   The company as far as I
know has no way of filing an internal complaint against racial discrimination."[47]

Clearly, Plaintiff's claims involve discrimination in the workplace.

Plaintiff prays for injunctive relief from the Court in the lawsuit he filed against Bohl's,

which is indicative of his interests in securing a discrimination-free work environment for all

employees.   Plaintiff respectfully submits that he has met the conditions of the third factor.

---

[46]See Exhibit P-10, Affidavit of Plaintiff.
[47]See Exhibit P-1, Plaintiff's Charge of Discrimination.

d.      The EEOC Acted in Bad Faith

As set forth in Roman numeral II, paragraph D, Plaintiff contends that the EEOC engaged in bad faith as evidenced by its behavior during the pendancy of his Charge and this litigation. The EEOC has failed to articulate any reasons for its shifting legal positions and belated release of the witness statement.[48]

As previously noted by Plaintiff, FOIA distinguishes between the *identity* of the source and the information *imparted* by the source.  See 5 U.S.C. § 552(b)(7)(D) (agency may withhold information "only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to disclose the identity of a confidential source . . ."); see also United States Dep't of Justice v. Landano, 508 U.S. 165, 172, 113, S. Ct. 2014, 124 L. Ed. 2d 84 (1993).  This distinction was apparently lost upon the EEOC, since it never offered to release the "information imparted by the source."  Based on this controlling legal authority alone, EEOC's suppression of at least the redacted witness documents is without foundation in law.

Again, Garner offered no explanation for why she initially withheld the witness statements and documents, then released documents after Plaintiff filed suit.[49]  Based upon what appears to be a strong causal connection between Plaintiff's lawsuit and the EEOC's subsequent release of the redacted witness documents, Plaintiff asserts that he has satisfied the third prong of the applicable test.

As a final consideration and in the event that the Court considers other factors, Plaintiff would note that he went to the EEOC with concerns about racial discrimination in the

---

[48] See Exhibit P-6, Plaintiff's FOIA Appeal, dated February 2, 2004.
[49] See Exhibit P-9, Declaration of Stephanie D. Garner.

workplace.[50]  He, however, filed his Original Complaint as a *pro se* litigant and was certainly unaware that he could appeal the EEOC's initial suppression of the information.[51]

F.    Alternatively, Plaintiff Requests That The Court Declare That a Fact Issue Exists

In the alternative, Plaintiff respectfully requests that the Court declare the existence of a fact issue precluding summary judgment in Defendant's favor.  The Court should conduct further fact-finding, including taking witness testimony to aid in its final conclusion.

## III.
## CONCLUSION

Plaintiff requests that the Court order the EEOC to release the full, unadulterated witness statements because it failed to establish the existence of an agreement between it and the witness to express confidentiality.  Assuming *arguendo* and in the alternative, Plaintiff requests that the Court exercise its *in camera* power to examine the witness statement to determine if, as Garner alleges, the redacted information does indeed identify confidential informers.  Finally, Plaintiff requests that the Court award him attorney's fees and court costs because he "substantially prevailed" in this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court grant his Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and award him attorney's fees and costs of court.  Alternatively, Plaintiff respectfully prays that the Court declare the existence of genuine issues of material fact.  Finally, Plaintiff prays for further relief, either at law or in equity, to which he may show himself justly entitled.

---

[50] See Exhibit P-10, Affidavit of Plaintiff.
[51] See Exhibit P-10, Affidavit of Plaintiff.

Respectfully submitted,

GALE, WILSON, & SÁNCHEZ, P.L.L.C.
MARK ANTHONY SÁNCHEZ, ESQ.
115 East Travis, Suite 618
San Antonio, Texas 78205
(210) 222-8899
(210) 222-9526 (Telecopier)
ATTORNEY FOR PLAINTIFF


By: _____
MARK ANTHONY SÁNCHEZ, ESQ.
TEXAS STATE BAR NO. 00795857

BEVERLY WEST STEPHENS, ESQ.
TEXAS STATE BAR NO. 24032459


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Plaintiff's Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment has been delivered *via* regular first class mail on this the 30th day of September 2004, to Susan B. Biggs, Esq., 601 Northwest Loop 410, Suite 600, San Antonio, Texas 78216, and to James G. Allison, Esq., 1801 L Street, Northwest, Washington, D. C., 20507.


_____
MARK ANTHONY SÁNCHEZ, ESQ.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**Notice of Document/Attachment(s)/Pages  Not Imaged**

**See Case File to View/Copy**
**Document/Attachment(s)**

_____   Document and/or  attachments exceed 100 pages.

_____   Transcript

_____   Exhibits or attachments submitted in binders or spiral notebooks