IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR., )
 )
   Plaintiff, )
 )
 )
 ) CIVIL ACTION NO. SA-04-CA-0391-XR
 )
vs. )
 )
 )
 )
EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
 )
   Defendant. )
_____)

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
REPLY LEGAL MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT
AND
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

**INTRODUCTION**

Plaintiff has failed to present either law or facts sufficient to justify denial of the Equal

Employment Opportunity Commission's ("EEOC") Motion for Summary Judgment, let alone to

warrant summary judgment in his own favor.[1]  Plaintiff's argument confuses FOIA's

confidential witness exemption codified in 5 U.S.C. § 552(b)(7)(D) with the common law's

---

[1]In order to avoid repetition and for the convenience of the Court and parties, the EEOC has combined its summary judgment reply brief and its brief opposing the Plaintiff's summary judgment motion into this single document.

"informer's privilege" and consequently misapplies legal standards of one to the other. Plaintiff also relies upon the wrong section of FOIA's confidential witness exemption when he incorrectly argues that a criminal law enforcement proceeding is required before the EEOC can assert protection for the Confidential Witnesses. Mr. Martinez futilely attacks the adequacy of the EEOC's factual record by ignoring explicit statements in the Hoffman Declaration and by unilaterally imposing purported evidentiary requirements which are without basis in the language of FOIA Exemption (b)(7)(D). Finally, the Plaintiff prematurely argues for attorney fees, an effort which results in irrelevant argument at pages 14-20 of his brief.

Based upon these defects, as well as the record established by the EEOC's Motion for Summary Judgment, the Court should deny the Plaintiff's Cross Motion for Summary Judgment and grant the EEOC's motion, thereby dismissing the Complaint on its merits.

## I. The Plaintiff Has Confused and Misapplied The Law

The Plaintiff's brief consistently identifies the EEOC's basis for withholding the subject documents as "the informer's privilege" (Pl's brief, pp. 2-3, 7-9), but that characterization is wrong. The EEOC withheld the subject documents pursuant to 5 U.S.C. § 552(b)(7)(D), not "the informer's privilege." This distinction is important because there are different histories, rules and sources of authority for each of these concepts. The informer's privilege is a common law principle, *Rovario v. United States*, 353 U.S. 53, 59-61 (1957), while the confidential witness exemption upon which the EEOC relies is a creature of statute. As shown by *Rovario* and the other cases relied upon by Plaintiff,[2] the informer's privilege was relied upon by the government

---

[2] *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303 (5th Cir. 1972) and *Wirtz v. Continental Fin. & Loans Co. of West*, 326 F.2d 561 (5th Cir. 1964).

long before Congress enacted the Freedom of Information Act (FOIA) in 1966.

There are important differences between these concepts: the informer's privilege is interpreted pursuant to prior case law, while FOIA Exemption (b)(7)(D) is interpreted according to Congress's intent as articulated in the FOIA's statutory language. The informer's privilege is subject to waiver, *Hodgson*, 459 F.2d at 305, but the confidential witness exemption is not subject to waiver absent extremely rare circumstances. *See, e.g., Reiter v. Drug Enforcement Administration*, 1997 WL 470108 at *6 (D.D.C. 1997) ("[O]nce an informant's confidentiality has been established, almost nothing can eviscerate Exemption 7(D) protection"); *Parker v. Dept. of Justice*, 934 F.2d 375, 380 (D.C. Cir. 1991); *Neely v. F.B.I.*, 208 F.3d 461, 466 (4th Cir. 2000). Therefore, Plaintiff's argument that the EEOC has waived the exemption (Pl's brief, p.8) is irrelevant to this Exemption (b)(7)(D) case; his cited cases all pertain to the common law informer's privilege, not FOIA Exemption (b)(7)(D).

Similarly, the same cases upon which Plaintiff relies in arguing that the law imposes a balancing test with respect to Exemption (b)(7)(D) all deal with the common law informer's privilege in the context of discovery during a criminal prosecution (Pl's brief, pp. 8-9). None of those cases addressed a FOIA request and the confidential witness exemption thereto. FOIA case law does not recognize any balancing test with respect to Exemption (b)(7)(D). In fact, the confidential witness exemption is to be applied "robustly," unlike most FOIA exemptions which are to be construed narrowly. *Randle v. Bensten,* 866 F. Supp. 1080, 1085 (N.D. Ill. 1994); *accord, Irons v. F.B.I.*, 811 F.2d 681, 687-89 (1st Cir. 1987).

In summary, Mr. Martinez relies upon the wrong body of case law when he argues that waiver or some type of balancing test can be used to undercut the protection afforded by

Exemption (b)(7)(D).  He compounds this error by relying upon the wrong section of Exemption (b)(7)(D) when he argues that confidential witness protection is available only for criminal investigations (Pl's brief, p.8).  Exemption (b)(7)(D) contains two distinct sections affording confidentiality.  The statute states that FOIA disclosure requirements do not apply to:

> (7) *records or information compiled for law enforcement purposes,* but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source, . . ., **and,** in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information provided by a confidential source, . . . .

5 U.S.C. § 552(b)(7)(D) (highlighting and other emphasis supplied).

The preceding FOIA exemption contains two independent clauses, one before and one after the bold-faced and underlined "and."  The EEOC relies upon the first clause, which allows withholding of information which may disclose the identify of a confidential source if that information was compiled for law enforcement purposes.[3]  The record is clear that the EEOC compiled the subject documents during its investigation of a possible violation of Title VII of the Civil Rights Act of 1955, 42 U.S.C. §§ 2000e-2 and 2000e-3.  Plaintiff's argument that the EEOC should be denied the exemption because it was not conducting a criminal investigation relies on the second clause in Exemption (b)(7)(D), which exempts a broader category of documents from production (any information from a confidential source, regardless of whether that information would identify the source) for a narrower class of government agencies, i.e., a criminal law enforcement authority in the course of a criminal investigation (underlined above).

---

[3]The legislative history of Exemption (b)(7)(D) plainly evidences Congress's intention to comprehensively and absolutely protect the identity of anyone who provided information to a law enforcement agency in confidence.  *See,* S. Conf. Rep. No. 93-1200, at 13.

-4-

Plaintiff has again relied upon inapplicable law to support his Motion for Summary Judgment and his opposition to the EEOC's motion.

## II.  The Factual Record Establishes the Elements of Exemption (b)(7)(D) Without a Genuine and Material Factual Dispute

The Plaintiff's filings regarding summary judgment do not add anything new to the record, with the exception of an affidavit of Mr. Martinez.  That affidavit does not refute the declaration of Ms. Hoffman, nor does it even address the EEOC's assurance of confidentiality provided to the Confidential Witnesses.  Mr. Martinez' affidavit is irrelevant to the issues presented by these summary judgment motions.[4]  Instead of presenting new information to raise a genuine factual dispute or to establish an element necessary for his summary judgment motion, the Plaintiff attacks the EEOC's Declarations, criticizing them as conclusory and inadequate to establish that the withheld information could reasonably lead to the identification of the confidential witnesses.  The EEOC respectfully contends that the Hoffman Declaration indisputably establishes the essential elements of FOIA's (b)(7)(D) exemption, i.e., that the witnesses were assured of confidentiality and that the type of information withheld, if disclosed, could reasonably lead to those witnesses identification.

Ms. Hoffman's Declaration states: "At the time of my communications with Confidential Witnesses A and B, I assured both of them that their identities would remain confidential."

---

[4]The affidavit also includes a statement for which Mr. Martinez has absolutely no foundation.  He states that the Confidential Witnesses "confirmed the things I complained about." (Pl.'s Ex. P-10, ¶ 8).  Mr. Martinez cannot know whether the Confidential Witnesses support or undercut his charge unless he has already discovered the witnesses identities and has already elicited their information from those Confidential Witnesses.

(Hoffman Decl., ¶ 4).  Ms. Hoffman then identifies the nature of the information that has been withheld: (1) the witnesses' names, (2) the witnesses' addresses, (3) the witnesses' employment histories at the Respondent, (4) whether and how the witnesses' know Mr. Martinez, and (5) the witnesses' own anecdotes, opinions and experiences with the Respondent (Hoffman Decl., ¶¶ 5-6).  Ms. Hoffman explains that this information regarding persons associated with an employer's small workforce (30-40 employees) would reasonably be expected to allow identification of those Confidential Witnesses (Hoffman Decl., ¶ 6), a common sense statement which is consistent with what reasonable persons understand about the grapevine, gossip and shared information in a small community.  As discussed in the EEOC's initial brief supporting summary judgment (EEOC initial brief, pp. 5-8), this record justifies summary judgment holding that Exemption (b)(7)(D) exempts the subject materials from production.

The Plaintiff attempts to avoid this conclusion by arguing that the Hoffman Declaration is defective because it fails to specify the time and method of Ms. Hoffman's communications with the Confidential Witnesses (Pl.'s brief, pp. 9-10) or to establish that her assurance of confidentiality was memorialized (Pl.'s brief, p. 10).  FOIA Exemption (b)(7)(D) does not state that a memorialized promise of confidentiality is necessary; the exemption requires only an express promise or circumstances under which confidentiality can be reasonably inferred by the witness.  5 U.S.C. § 552(b)(7)(D).  The case relied upon by the Plaintiff - *Cooper-Cameron Corp. v. United States Dep't of Labor, OSHA*, 280 F.3d 539 (5th Cir. 2002)  - is distinguishable from the case at bar because *Cooper-Cameron* involved a government affidavit which was "internally inconsistent" and caused the court to conclude that the declarant ". . . had no idea whether the OSHA inspector provided explicit assurances [of confidentiality]." *Id.*, at 550.

Unlike the *Cooper-Cameron* record, the Hoffman Declaration herein is not internally inconsistent. Ms. Hoffman clearly states, based upon her personal knowledge, that she assured the witnesses that their statements would remain confidential (Hoffman Decl., ¶¶ 3-4). A government agent or confidential source's personal knowledge statement that confidentiality had been assured is sufficient to establish confidentiality. *See, e.g., Billington v. United States Dep't of Justice,* 301 F. Supp.2d 15, 22 (D.D.C. 2004). To further undercut the Plaintiff's criticism, however, the Supplemental Declaration of Ms. Hoffman establishes that she did place written notations of confidentiality for these Confidential Witnesses in the file (Hoffman Supp. Decl., ¶ 3). Plaintiff's attacks on the EEOC's record do not support his summary judgment motion, nor do they warrant denial of the EEOC's motion.

As a fall-back position (and in apparent opposition to his own summary judgment motion), the Plaintiff argues that the record is speculative with respect to whether the withheld information would lead to the identification of the Confidential Witnesses; Plaintiff urges the Court to conduct an *in camera* review of the documents (Pl.'s brief, p. 14). *In camera* reviews are disfavored and should be used only when the record is otherwise unclear. *PHE, Inc. v. United States Dept. of Justice,* 983 F.2d 248, 252-53 (D.C. Cir. 1993); *Vaughn v. United States,* 936 F.2d 862,869 (6th Cir. 1991);*Young v. CIA,* 972 F2d 536, 538 (4th Cir. 1992). Neither the Plaintiff's motion, nor his opposition to EEOC's motion has created a genuine issue regarding (1) the EEOC's assurance of confidentiality or (2) that disclosure of the withheld information could reasonably lead to identification of the Confidential Witnesses. With respect to this second issue, it is undisputed that the subject work place includes only about 30-40 persons. In that small community, the disclosure of a person's employment history and whether or how that

person knows Mr. Martinez would certainly reveal his or her identify.  Similarly, a person's anecdotal history and experience in this employment community could reasonably be expected to reveal his or her identity.  There is simply no factual issue which requires an *in camera* review.

The factual record created by these cross summary judgment motions allows only one reasonable conclusion, i.e., that the EEOC assured the Confidential Witnesses of their confidentiality and that the information withheld by the EEOC could reasonably be expected to destroy that confidentiality.  The EEOC properly invoked FOIA Exemption (b)(7)(D) to protect those witnesses.

### III.  The Plaintiff's Argument for Attorney Fees Is Premature and Unjustified

The Plaintiff's request and argument regarding attorney fees is premature.  While FOIA does allow the recovery of attorney fees against the government in some circumstances, 5 U.S.C. § 552(a)(4)(E), the request for that award should be made after the merits of the case have been resolved so that there is a prevailing party.  Fed.R. Civ.Proc. 54(d)(2)(B); *Weyant v. Okst*, 198 F.3d 311 (2nd Cir. 1999).   In this case, Mr. Martinez is hardly a prevailing party.

Although the Plaintiff has jumped the gun on attorney fees, his allegations of EEOC bad faith require a response.  Agency bad faith, i.e., whether an agency's nondisclosure was motivated by an improper intent such as to avoid agency embarrassment or frustrate the requester, is one requirement which must be satisfied in order for a prevailing party to be awarded attorney fees.  *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978); *see Frydman v. Dept. of Justice*, 852 F.Supp. 1497, 1508 (D.Kan. 1994), *aff'd* 57 F.3d 1080 (10th

Cir. 1995).  The only fact upon which the Plaintiff bases his bad faith argument is that the EEOC,

allegedly without explanation, released four additional documents from the requested charge file

by attaching them to its Answer in this lawsuit (Pl.'s brief, p.19).  The overreaching nature of

Plaintiff's argument is clear from the EEOC 's Answer and review of the four documents.  The

EEOC explained in its Answer:  ". . .[EEOC] further alleges that four pages were mistakenly

withheld in that they could have been produced with minimal redacting; said four pages, with

appropriate redacting, are attached hereto as Exhibits D-1 through D-4." (Answer, ¶ 7).  The four

pages consist of two standard investigative form letters to the Confidential Witnesses (only the

witness names redacted), one extra copy of the same letter, and a witness questionnaire which

was sent to some witnesses in the investigation (witness answers redacted).

The content of these four documents suggests that they were originally withheld in toto

because of their witness identifying information and the absence of substantive information in the

non-confidential remainder of the documents.  The EEOC corrected that mistake by redacting the

confidential information and producing the documents, even though those documents contained

virtually no substantively significant information and were partially duplicative of each other.  It

is hardly bad faith for the EEOC to promptly correct an understandable internal processing error.

The innocuous content of the documents establishes that there was no ill motive by the EEOC in

originally withholding them.

In light of the Plaintiff's premature argument concerning attorney fees, the

EEOC will provide a summary of the law governing same.  As previously noted, attorney fees

may be awarded only to a prevailing party, a requirement which cannot even be addressed until

the Court rules upon the merits of the cross summary judgment motions.  Even if Plaintiff were

-9-

to satisfy the prevailing party requirement, however, he would also have to satisfy the FOIA's

second test - discretionary evaluation of whether an award of attorney fees is appropriate.  A

plaintiff is not automatically entitled to an award merely because it substantially prevailed in the

litigation. *Church of Scientology of California v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1991);

*Blue*, 570 F.2d 529.  The Court must consider several factors, derived from FOIA's legislative

history,[5] before awarding attorney fees, including (1) the benefit to the public derived from the

case; (2) the commercial benefit to the complainant; (3)  the nature of his interest in the federal

records sought; and (4) whether the government's withholding of the record sought had a

reasonable basis in law.   *Blue*, 570 F.2d 529, 533;  See also *Detroit Free Press,* 73 F.3d 93, 98

(6th Cir. 1996); *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995); *Long v. IRS*, 932 F.2d

1309, 1313 (9th Cir. 1991) (outlining four factors to consider in determining entitlement to a

FOIA fee award); *Aronson v. United States Dep't of Hous. & Urban Dev.*, 866 F.2d 1, 3 (1st Cir.

1989) (same).[6]

The first factor the Court must consider is the "public benefit" derived from the release of

government documents.  Generally, scholars and journalists - as investigators, analyzers and

publishers of information beneficial to the public - are given preferential treatment in receiving

attorney fee awards under the FOIA, although entitlement is not automatic even for such

preferred requesters. *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1096

(D.C.Cir. 1992); *Long*, 932 F.2d at 1316.  The public benefit criterion is satisfied where the

---

[5]*See* S.Rep. No. 93-854, at 19 (1974).

[6] The court held that refusal to award attorneys' fees to a plaintiff who "substantially
prevailed" in FOIA litigation was not an abuse of discretion.

requested documents would further enable the public to make informed political decisions. *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979).[7]  The Plaintiff's FOIA request at issue was not seeking to benefit the public; the subject Martinez charge file, including the witness statements therein, is not of public import.  The Plaintiff sought the EEOC's charge file to further Plaintiff's own interest in prosecuting a lawsuit against his employer.  The first factor does not favor attorneys' fees where the award would only "subsidize a matter of private concern." *Blue*, 570 F.2d at 533.  The FOIA was "fundamentally designed to inform the public and not to benefit private litigants," a purpose which goes directly to determining entitlement to a fee award. *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1368 (D.C. Cir. 1977).

The second and third factors, "commercial benefit" and "plaintiff's interests," are usually considered together.  See *Tax Analysts*, 965 F.2d at 1095; *Blue*, 570 F.2d at 534.  Protecting a private interest does not make an award of attorneys' fees recoverable.  See *Werner-Continental, Inc. v. Farkas*, 478 F.Supp. 815, 817 (S.D.Ohio 1979), *aff'd*, 661 F.2d 935 (6th cir. 1981).  The second and third factors defeat the Plaintiff's claim for attorney fees because the intent of FOIA was to inform the public, not benefit commercial and private interests:

> [T]here will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the complainant.  In these cases there is usually no need to award attorneys' fees to insure that the action will be brought.  The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA.[8]

---

[7]"The legislative history indicates that the 'public benefit criterion 'speaks for an award [of attorneys' fees] where the complainant's victory is likely to add the fund of information that citizens may use in making vital political choice.'" (quoting *Blue*, 570 F.2d at 534).

-11-

*Fenster*, 617 F.2d at 743. (quoting S. Rep. No. 854, 93rd Cong., 2d Sess. 19 (1974), reprinted in House Comm. On Gov't Operations & Senate Comm. On the Judiciary, 94th Cong., 1st Sess., Legis. Hist. Of the Freedom of Information Amend. Of 1974, pt. 1, at 171 (Joint Comm. Print. 1975)). The purpose of the attorneys' fees provision is to allow the average citizen, who otherwise could not afford the legal expense, to request information under the FOIA. See *Cuneo*, 553 F.2d at 1363-64. In contrast, "when a litigant seeks disclosure for a commercial benefit or out of other personal motives, an award of attorneys' fees is generally inappropriate." *Tax Analysts*, 965 F.2d at 1095. The Plaintiff's FOIA request was filed in support of litigation against his employer. The FOIA's attorney fee provision does not exist for the benefit of those whose personal or commercial interests will lead to action under FOIA regardless of any resulting legal expense. See S. Rep. No. 854, 93rd Cong., 2d Sess. 19 (1974), reprinted in House Comm. On Gov't Operations & Senate Comm. On the Judiciary, 94th cong., 1st Sess., Legis Hist. Of the Freedom of Information Act Amend. Of 1974, pt. 1, at 171 (Joint Comm. Print 1975).[7]

In summary, none of the four factors support an award of attorney fees. Granting attorneys' fees to the Plaintiff would not assist the disclosure of valuable information to citizens making political choices (first factor). Under the second and third factors, the Plaintiff's interests are personal, rather than scholarly, journalistic, or public-interest oriented. Granting attorney fees would merely subsidize Plaintiff's private concern, i.e., his litigation with his employer.

---

[7]On the other hand, where the plaintiff is indigent or a nonprofit public interest group, an award of attorneys' fees furthers the FOIA policy of expanding access to government information. See *Nationwide Bldg. Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712 (D.C. Cir. 1977).

Finally, the EEOC's disclosure of four innocuous pages in its Answer to the Complaint does not constitute the type of agency misconduct required for an award of attorney fees.

## CONCLUSION

The Plaintiff's summary judgment motion should be denied. The record establishes, without genuine factual dispute, that the EEOC assured the Confidential Witnesses that they would remain confidential. The specific types of information which has been withheld by the EEOC could reasonably be expected to disclose those witnesses' identities. The EEOC is therefore entitled to judgment as a matter of law. The EEOC's Motion for Summary Judgment should be granted, thereby dismissing the Complaint on its merits.

Dated this _14th_ day of October, 2004.

Respectfully submitted:

PEGGY MASTROIANNI
Associate Legal Counsel

THOMAS J. SCHLAGETER
Assistant Legal Counsel

Local Counsel:                              JAMES G. ALLISON
SUSAN B. BIGGS                              Attorney for Defendant
Assistant United States Attorney            Wisconsin Bar # 1012684
Western District of Texas                   Office of Legal Counsel
601 N.W. Loop 410                           Equal Employment Opportunity Commission
Suite 600                                   1801 L Street, N.W.
San Antonio, Texas 78216-5597               Washington, D.C.  20507
Phone: (210) 384-7351                       Phone: (202) 663-4661
                                            Fax:   (202) 663-4639

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR.,            )
                                    )
                Plaintiff,          )
                                    )
                                    )
                                    )   CIVIL ACTION NO. SA-04-CA-0391-XR
                                    )
vs.                                 )
                                    )
                                    )
                                    )
EQUAL EMPLOYMENT                    )
OPPORTUNITY COMMISSION,             )
                                    )
                Defendant.          )
_____)

**ORDER DENYING SUMMARY JUDGMENT TO PLAINTIFF,**
**GRANTING SUMMARY JUDGMENT TO DEFENDANT**
**AND DISMISSING COMPLAINT**

Based upon the Equal Employment Opportunity Commission's (EEOC) Motion for

Summary Judgment, and both parties' filings with respect to that Motion, the Court finds that

there is no genuine issue of material fact in this case and that the EEOC is entitled to judgment as

a matter of law because those pages of the EEOC's charge file at issue were properly withheld by

the EEOC pursuant to 5 U.S.C. § 552(b)(7)(D). The Plaintiff's Motion for Summary Judgment

is denied. The EEOC's Motion for Summary Judgment is granted. The Complaint is dismissed

on its merits and with prejudice.

Signed this _____ day of _____, 2004.


                                        _____
                                        Xavier Rodriguez

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that the following is true and correct. On October 14, 2004, I served the Equal Employment Opportunity Commission's Reply Legal Memorandum In Support of Its Motion for Summary Judgment and In Opposition to Plaintiff's Motion for Summary Judgment, as well as the Supplemental Declaration of Barbara Hoffman, on the following person by depositing said documents in regular, first class mail:

> Mark Anthony Sanchez
> Gale, Wilson, & Sanchez
> 115 East Travis, Suite 618
> San Antonio, Texas 78205

Executed in Washington, D.C. on October 14, 2004.

_James G. Allison_
James G. Allison

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR.,     )
                                   )
          Plaintiff,     )
                                   )
                                   )
                                   )    CIVIL ACTION NO. SA-04-CA-0391-XR
                                   )
vs.                             )
                                   )
                                   )
                                   )
EQUAL EMPLOYMENT        )
OPPORTUNITY COMMISSION,   )
                                   )
          Defendant.    )

**SUPPLEMENTAL DECLARATION OF
BARBARA J. HOFFMAN
IN SUPPORT OF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MOTION FOR SUMMARY JUDGMENT**

I, Barbara J. Hoffman, do hereby declare and state as follows:

1. I execute this Declaration as a supplement to my Declaration dated August 10, 2004.

2. As in my initial Declaration, the statements made in this Declaration are based upon my personal knowledge acquired through the performance of my official duties or upon information available to me in my official capacity and are true and correct to the best of my knowledge and belief.

3. After informing Confidential Witnesses A and B that their identities would remain confidential, I noted that representation in the charge file. I wrote "confidential" on the cover page of each of these respective witnesses investigative materials, which include the notes and

1

statements that have been withheld and are the subject of this litigation.

I certify that, under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this _13th_ day of October, 2004.

Barbara J. Hoffman
Investigator
U.S. Equal Employment Opportunity Commission

2