UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT D. MARTINEZ, JR., )
)
    Plaintiff, )
)
VS. ) Civil Action No: SA-04-CA-0391-XR
)
EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
    Defendant. )

## ORDER

On this date the Court considered cross-motions for summary judgment (docket nos. 13 & 17). After consideration of each party's motion, as well the pleadings, attached affidavits, and Plaintiff's response to Defendant's motion,[1] the Court is of the opinion that Defendant's motion should be GRANTED (docket no. 13) and Plaintiff's motion should be DENIED (docket no. 17).

### I. Factual and Procedural Background

Plaintiff has filed a Freedom of Information Act ("FOIA") request, pursuant to 5 U.S.C. § 551, et. seq., seeking the investigative file of Defendant, the Equal Employment Opportunity Commission ("EEOC"), with regard to Plaintiff's charges of discrimination against his former employer. Plaintiff filed a discrimination charge with the EEOC against his former employer, a business with approximately 30–40 employees, on or about July 18, 2003. The EEOC issued Plaintiff a Notice of Right to Sue on December 5, 2003. In conjunction with his suit against his former employer, Plaintiff submitted a written request under the FOIA for "the Equal Employment

---

[1]Defendant has not filed a response to Plaintiff's motion. However, Defendant's motion for summary judgment sufficiently address the issues raised by Plaintiff's motion.

1



Opportunity Commission's ... entire investigative file compiled during the [EEOC's] investigation into the Charging Party's Notice of Charge of Discrimination." The EEOC responded to Plaintiff's request by producing approximately 465 pages of public information, but withholding 17 pages based upon FOIA exemptions, including the "inter-agency or intra-agency memoranda" privilege,[2] the "personal privacy" privilege,[3] and the "confidential source" privilege.[4] Plaintiff appealed this decision to the EEOC's Office of Legal Counsel, seeking disclosure of the 15 pages withheld on the basis of the personal privacy and confidential source privileges. This appeal was granted in part and denied in part, with the EEOC releasing copies of two envelopes.

Plaintiff filed the instant case on May 5, 2004, seeking disclosure of the documents withheld pursuant to the personal privacy and confidential source privileges. The EEOC responded, asserting that these documents are investigator's notes and witness statements from two employees of Plaintiff's former employer that were promised confidentiality by the EEOC investigator. Subsequently, the EEOC provided Plaintiff with redacted copies of certain withheld documents, redacting the witnesses' names and addresses. The EEOC has provided the Court with a Vaughn Index,[5] describing the contents of each withheld document, without disclosing the confidential information. Plaintiff now seeks to have the remaining withheld documents released in their entirety. Before the Court, the EEOC now bases its decision to withhold the remaining documents on the

---

[2] 5 U.S.C. § 552(b)(5).

[3] 5 U.S.C. § 552(b)(7)(C).

[4] 5 U.S.C. § 552(b)(7)(D).

[5] *See Stephenson v. I.R.S.*, 629 F.2d 1130 (5th Cir. 1980); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

confidential source privilege, 5 U.S.C. § 552(b)(7)(D).

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 879 (5th Cir. 2004). Access to records responsive to a FOIA request may be withheld to the extent the records come within one of FOIA's nine statutory exemptions. 5 U.S.C. § 552(b)(1)–(9). A district court reviews an agency's exemption claims de novo. *Id.* § 552(a)(4)(B). The burden of proof is on the agency to establish the exemption. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 789 (1989). An agency may sustain its burden through the submission of detailed affidavits that identify the documents at issue and explain why they fall under the claimed exemptions. *Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002). Summary judgment may be granted solely on the basis of these affidavits if they are clear, specific, reasonably detailed, and describe the withheld information in a factual and nonconclusory manner. *Id.*

In a motion for summary judgment, the moving party has the burden of showing that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986). In making this determination, the court will review the evidence in the record and disregard the evidence favorable to the moving party that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 135 (2000). In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986). If the record, viewed in this light, could not lead a rational trier of fact to find for the party opposing the motion, summary judgment is proper.

### III. Analysis

The essence of the EEOC's assertion that the withheld documents are exempt from the FOIA is that they are documents from a confidential source. Specifically, the EEOC asserts that these documents fall within exemption (7)(D), which exempts documents "compiled for law enforcement purposes" that "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(D). Plaintiff claims that the documents are not exempt under the FOIA for two reasons. First, he asserts that the documents were not compiled for law enforcement purposes, within the meaning of this term under the FOIA. Second, Plaintiff asserts that the documents are not from confidential sources. Plaintiff claims that because there is no memorialized account of any confidentiality agreement, the identity of the witnesses and their statements are not confidential.

### A. Compiled For Law Enforcement Purposes

The government bears the burden of showing that it compiled records for a law enforcement purpose. *Avondale Indus., Inc. v. N.L.R.B.*, 90 F.3d 955, 962 (5th Cir. 1996). While Plaintiff's argument is not entirely clear on this point, Plaintiff apparently asserts that the EEOC has not met

its burden because its investigation into charges of discrimination is civil in nature, rather than criminal. Plaintiff points to *Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 550 (5th Cir. 2002), as support for his claim that there is a different inquiry with regard to civil versus criminal investigations. While *Cooper Cameron*, as well as § (7)(D) itself, recognize that all information disclosed by a confidential source in a criminal investigation is exempt, they also recognize that information that could reasonably be expected to disclose the identity of a confidential source is exempt from disclosure, even in a civil investigation. Specifically, *Cooper Cameron* analyzed the Occupational Safety and Health Adminstration's ("OSHA") claim of exemption under § 7(D) in the context of whether there was a confidential source, recognizing that the first prong of this exemption applies in both criminal and civil investigations.[6] *Id.* Clearly then, the first prong of the § 7(D) exemption applies to civil investigations such as that conducted by the EEOC.

Plaintiff argues that, in civil investigations, the § 7(D) exemption is a qualified, rather than absolute, privilege that is subject to waiver. He argues that this privilege must be balanced with and cannot override a party's right to due process. While Plaintiff's arguments may be correct, these arguments in themselves do not divest the EEOC with ability to assert the § 7(D) exemption as to information compiled in a civil investigation that could reasonably be expected to disclose the

---

[6]Section 7(D) specifically states that the FOIA does not apply to

"records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... (D) could reasonably be expected to disclose the identity of a confidential sources ..., and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source."

5 U.S.C. § 552(b)(7)(D).

identity of a confidential source. As such, Plaintiff's due process argument is best considered as part of his argument that the witnesses in this case do not qualify as confidential sources.

B. **Confidential Sources**

The issue under the § 7(D) exemption is "not whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." *U. S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993). Such an understanding can arise either explicitly, through the government's assurances to the source, or implicitly, through the facts or circumstances surrounding the source's statement. *Id.*; *Church of Scientology of Texas v. I.R.S.*, 816 F. Supp. 1138, 1161 (W.D. Tex. 1993) ("The agency is not required to demonstrate that it expressly assured confidentiality to a confidential source. A court should also find an assurance of confidentiality where it is reasonable to infer such from the circumstances.") (citations omitted). The § 7(D) exemption is generally viewed on a fact-specific basis, rather than a categorical one and "seem[s] to require a showing that the factors made relevant by the statute are present in each distinct situation." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *Cooper Cameron*, 280 F.3d at 553.

*1. Express Confidentiality Agreement*

Where information is provided to the government pursuant to an express confidential agreement, any information that would disclose the identity of that confidential source is exempt from disclosure under the § 7(D) exemption. The parties dispute whether there is an express confidentiality agreement. The EEOC provided a declaration by the EEOC Investigator, Barbara Hoffman, in support of its motion. Hoffman states that "[a]t the time of [her] communications with Confidential Witnesses A and B, [she] assured both of them that their identities would remain

confidential." The EEOC argues that Hoffman's declaration is sufficient to establish that the witnesses gave their statements pursuant to express confidential agreements. Plaintiff argues that Hoffman's declaration is insufficient to establishes the existence of any express confidentiality agreements. He argues that Hoffman's declaration is defective because the declaration itself is conclusory and because there is no evidence that any assurance of confidentiality was ever memorialized.

Plaintiff relies upon *Cooper Cameron* for its argument that Hoffman's declaration is defective. In *Cooper Cameron*, the Fifth Circuit rejected the attempt of OSHA to assert an express confidentiality agreement based upon the declaration of a lawyer who was Co-Counsel for Administrative Law, Division of Legislation and Legal Counsel, in the Office of the Solicitor in Washington, D.C. This declaration described how OSHA depended upon its ability to promise witnesses to industrial accidents that it would treat their statements confidentially. *Cooper Cameron*, 280 F.3d at 542. The Court rejected this declaration as establishing an express confidentiality agreement because it was internally inconsistent and self-contradictory. *Id.* at 550. The declaration stated only that it was standard policy for OSHA investigators to assure confidentiality. *Id.* Further, the Court noted that the declarant "had no idea whether the OSHA inspector [actually] provided explicit assurances," instead relying on the fact that it was standard policy to assure confidentiality. *Id.* In contrast, the EEOC has provided the declaration of the actual investigator, Hoffman, that interviewed the witnesses. Hoffman's declaration possesses what the declaration in *Cooper Cameron* lacks—the statement by the investigator that there were actual assurances to the witnesses of confidentiality. Hoffman's declaration is, therefore, sufficient to establish an explicit confidential agreement with regard to the withheld documents.

7

Plaintiff relies upon the statement of the District of Columbia Circuit, cited in *Cooper Cameron*, that "[a]t the very least the government must indicate where these assurances of confidentiality are memorialized" to argue that the EEOC must make a similar showing. *Billington v. U.S. Dep't of Justice*, 233 F.3d 581, 585 (D.C. Cir. 2000) (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998)).[7] Plaintiff does not put forward any cases other than *Cooper Cameron* that establish the failure of the government to indicate where assurances of confidentiality are memorialized is the standard by which to judge all claims to the § 7(D) exemption. It appears that at least one district court has accepted this language and relied upon it to hold that the government lacked evidence of an express confidentiality agreement. *See McQueen v. U.S.*, 264 F. Supp. 2d 502, 522 (S.D. Tex. 2003). In *McQueen*, the court refused to accept the declaration of a supervisory official who asserted that IRS agents had made express assurances of confidentiality to informants because those informants were scared to speak with the agents. *Id.* The court cited *Cooper Cameron* and noted that there was nothing to indicate that the confidentiality agreement had been memorialized.

In this case, unlike in both *Cooper Cameron* and *McQueen*, there is the declaration of the actual investigator who made the assurances of confidentiality to the witnesses. It is highly unlikely that the Fifth Circuit would assume the standard adopted by *Cooper Cameron* would be so strictly interpreted as to disavow the declaration of the actual investigator because that investigator has not provided other evidence of her assurances of confidentiality. At the least, the government has shown that the assurances of confidentiality were memorialized in Hoffman's declaration. Accordingly,

---

[7]*See also Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 551 (5th Cir. 2002) (quoting a passage from *Billington*, including the sentence at issue, and noting "[w]e agree with this standard").

the Court finds that there was an express assurance of confidentiality given to the witnesses in this case and the EEOC was correct in claiming the § 7(D) exemption for the withheld documents.

2. *Implied Confidentiality Agreement*

Alternatively, should the Court be incorrect in finding that the EEOC has produced sufficient evidence of an express assurance of confidentiality, the Court will examine whether there is an implied confidentiality agreement. The government can establish implied confidentiality by specifically showing that circumstances surrounding the investigation support an inference of confidentiality.[8] *Cooper Cameron*, 280 F.3d at 551. One way implied confidentiality can arise is through the specific circumstances of a particular investigation. Here, the EEOC's investigator, Hoffman, interviewed at least two employees of Plaintiff's former employer with knowledge of possible discriminatory practices against Plaintiff. Plaintiff's former employer has approximately 30–40 employees. Release of their identity and/or statements could possibly subject them retaliation. Unlike in *Cooper Cameron*, the issues in this case do not involve matters of great public concern. Plaintiff's need for these documents go to the preparation for his individual lawsuit. The public interest is not as relevant, as it was in *Cooper Cameron*.[9] *Id.* at 554. Also, while not determinative,

---

[8]Implied confidentiality might also be shown by categorically establishing that a class of records merits a presumption of confidentiality. *Id.* at 551. The EEOC has alluded to this argument by stating that releasing these types of documents will hinder their ability to investigate discrimination claims in the future. However, as noted by the Supreme Court and the Fifth Circuit, the § 7(D) exemption is best approached on a fact-specific, rather than categorical, basis. *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 223 (1978); *Cooper Cameron*, 280 F.3d at 553–54. Therefore, the Court will analyze the implied confidentiality issue on a fact-specific basis, while bearing in mind the investigative nature of the EEOC.

[9]The Fifth Circuit has noted that where an agency investigates a single possible violation of the law, "the public has an interest in learning about the nature, scope, and results of the [agency's] investigation." *Halloran v. Veterans Admin.*, 874 F.2d 315, 324 (5th Cir. 1989). The Court in *Halloran* refused to order the release of the requested documents, however, because the

the release of the identity and statements of the witnesses would undoubtedly hamper the ability of the EEOC to investigate valid claims of discrimination in the future. The Court finds, therefore, that there was an implied confidentiality agreement between the witnesses and the EEOC.

In a somewhat similar case, the Tenth Circuit refused to order disclosure of documents from a National Labor Relations Board investigation, finding that "the documents requested by [the plaintiff] contain information of a highly intimate and personal nature." *Alirez v. NLRB*, 676 F.2d 423, 427 (10th Cir. 1982). In *Alirez*, the Court found the documents to fall within the § 7(C) exception, pertaining to an unwarranted invasion of personal privacy, but its analysis still has relevance to the documents at issue. The Court relied upon the fact that should the requested documents be given over, even with the names and other identifying data deleted, the plaintiff, and others, would be able to readily identify the confidential source and persons discussed in the documents. *Id.* at 428. As the Court noted, "'Merely deleting the name from the statement would not insure against identification, since the employee's narrative, or part of it, may be such that the employer could identify the employee involved, or could narrow the group down to two or three.'" *Id.* (quoting *Harvey's Wagon Wheel, Inc. v. NLRB*, 91 L.R.R.M. 2410, 2415 (N.D. Cal.), remanded in part on other grounds, 550 F.2d 1139 (9th Cir. 1976)). The Fifth Circuit in *Cooper Cameron* analogized to *Alirez* and found that, because the group of witnesses in *Cooper Cameron* had already been narrowed down and identified, the same concerns were not relevant. *Cooper Cameron*, 280 F.3d at 553 n.67. The witnesses in *Cooper Cameron* had already been identified and deposed; all that was wanted was their statements at the time of the accidents. *Id.* at 553–54. Here, the same

---

public interest was served through the release of redacted transcripts and the report of the agency. Similarly, any public interest in the nature, scope, and result of the EEOC's investigation is served through the documents that have already been released and the right to sue letter.

concerns raised in *Alirez* are paramount. Release of the identity of the witnesses would subject the witnesses to possible retaliation. Release of the witness statements with redacted identifying information would allow Plaintiff, or others with knowledge of the investigation, including Plaintiff's former employer, to narrow the list of employees and risk divulging the identities anyway. Therefore, the EEOC was correct in refusing to disclose the withheld documents. *See also Cuccaro v. Sec. of Labor*, 720 F.2d 355, 359–60 (3rd Cir. 1985) (upholding OSHA redaction of witnesses' names, addresses, and other identity information) *J.P. Stevens & Co., Inc. v. Perry*, 710 F.2d 136, 142–43 (4th Cir. 1982) (upholding refusal of the EEOC to disclose numerous documents in investigation, including affidavits by fellow employees of the charging parties and other witnesses with knowledge of the company's policies and practices, pursuant to § 7(A) exemption); *Lloyd & Henniger v. Marshall*, 526 F. Supp. 485, 487 (M.D. Fla. 1981) (affirming OSHA's refusal to release any statement that might reveal employee-witnesses' identities, pursuant to § 7(D) exemption).

## IV. Conclusion

Plaintiff has requested certain documents, through the Freedom of Information Act, involving the identity and statements of employees of his former employer in conjunction with the EEOC's investigation of Plaintiff's discrimination claims. Plaintiff seeks this information to prepare his discrimination suit. The EEOC has refused to disclose these documents pursuant to 5 U.S.C. § 552(b)(7)(D), which protects the identity of confidential sources. The Court finds that the employees were confidential sources and the documents withheld by the EEOC are therefore protected by the FOIA. The documents' release, even in redacted form, would disclose the identity of a confidential source. While the FOIA favors disclosure, *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360–62 (1976), "[i]n deciding whether Exemption 7 applies, ... a court must be mindful of [the Supreme

Court's] observations that the FOIA was not intended to supplement or displace rules of discovery." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989). Plaintiff is clearly using the FOIA as a discovery tool, guised as a matter of public interest. Plaintiff may not use the FOIA to circumvent the discovery process and thereby frustrate the investigative procedures of the EEOC. Plaintiff's motion for summary judgment (document no. 17) is DENIED and Defendant's motion for summary judgment (document no. 14) is GRANTED. An *in camera* inspection of the withheld documents is not necessary. *See Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992); *Church of Scientology of Texas*, 816 F. Supp. at 1148.

SIGNED this 19th day of October, 2004.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE